[Sac. No. 839.   Department One.—March 27, 1902.]

THOMAS A. KEOGH, Administrator of the Estate of Gertrude M. Noble, Deceased, Appellant, v. ARTHUR M. NOBLE, Respondent.

TRUST—ACCOUNTING.—The agreements set out in the complaint are held to create a trust within the provisions of the Civil Code, with the defendant as trustee and the plaintiff as beneficiary, and that the latter had a right to an accounting from the defendant of the rents and profits of the land of which he was manager and in control, under the terms of the agreements, and that upon such accounting the plaintiff was entitled to a judgment in excess of the amount awarded.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

J. C. Campbell, and Fairall & Breeze, for Appellant.

Ansel Smith, and Nicol, Orr & Nutter, for Respondent.

VAN DYKE, J.—Pending a suit for divorce, the parties thereto—Gertrude M. Noble, deceased, as plaintiff, against respondent, as defendant—entered into a written agreement, March 13, 1896, by which, after describing various lots of land belonging to the parties as community property, and reciting that the plaintiff in said action had conveyed her interest therein to the defendant, it was agreed that the defendant would pay the plaintiff,—1. The sum of twenty-five dollars

per month during the time she should remain unmarried; 2. The further sum of twenty-five dollars per month until the real property therein described should have been sold and disposed of; and 3. That the defendant would manage and take care of the real property to the best interest of the parties, and pay the taxes thereon, and would immediately after the sale of said real property pay to the plaintiff, the party of the first part of said agreement, one half of the net proceeds arising from the sale thereof; it being understood that the defendant might retain out of the one half of the net proceeds coming to the plaintiff all sums of money paid to her in excess of the sum of twenty-five dollars per month, as first agreed upon to be paid to her, together with her proportional share of all costs, charges, or taxes on said property that might be paid by the defendant during the period of the agreement. Thereafter, March 17th, a decree of divorce was duly made and entered in said action so pending. By subsequent agreement, June 18, 1897, the plaintiff, in consideration of one thousand dollars paid to her by the defendant, released her claim to certain real property therein described, and also to the monthly payment in the excess of the first twenty-five dollars, for two years from and after July 1, 1897.

This action was brought on the agreements thus modified, to recover,—1. The amount due as monthly payment in arrears, and on account of the land sold; and 2. For an accounting of the rents and profits and a reconveyance of the plaintiff's interest in the unsold property.

The court, on motion of the defendant, struck out the following portions of the complaint: "That said defendant has received rents, profits, and issues from said property in excess of the accounts and statements by him furnished to said plaintiff, and in excess of the sums by him paid to said plaintiff; . . . that said defendant has knowingly and willfully, by means of false and inaccurate statements and accounts, made with the intent so to do, attempted to deceive said plaintiff as to the amounts now due her, the said plaintiff, on account of her share of the rents, issues, and profits of, from, and to said property arising under and by virtue of said agreement; . . . and that there is now due said plaintiff from said defendant, under and by virtue of said agreement, out of the rents, issues,

and profits of said property, the sum of one thousand (1,000) dollars, more or less, the exact amount whereof said plaintiff is unable accurately to determine or allege.'' And subsequently upon the trial the court refused to admit testimony in reference to the rents and profits received by the defendant. This was clearly error. The agreements set out in the complaint create a trust within the provisions of the Civil Code (secs. 852, 857, 2222), with the defendant as trustee, and the then plaintiff as beneficiary. (*Janes* v. *Throckmorton*, 57 Cal. 368.) The former plaintiff, as beneficiary, had a right to an accounting from the defendant of the rents and profits of the land of which he was manager and in control under the terms of the agreement. (*King* v. *Wise*, 43 Cal. 628.)

The court found that the defendant was indebted to the then plaintiff, on account of the monthly payments in arrears and the land sold, only in the sum of $47.85, for which judgment was entered, but further found and adjudged that she, the plaintiff, was not entitled to any further accounting from the defendant, or a reconveyance. The plaintiff appealed from the judgment on a bill of exceptions. Points and authorities on behalf of the appellant were filed March 24, 1900, but no points or authorities, it appears, have been filed by respondent. Even if the court below had put the proper construction upon the contracts in evidence, it is yet clear from the defendant's own testimony that the plaintiff was entitled to a judgment for a larger amount than was awarded. The court finds that the defendant had paid the plaintiff at the date of the commencement of the suit, August 21, 1899, the sum of $1,602.15, ''being a sum in excess of all sums due her under [the] agreements,'' whether for proceeds of sales of property or on account of monthly payments, and allows her $47.85 for the month of December, 1899, and finds that no more than that sum was due her. But including December there was due the plaintiff, under the contracts, the sum of seventeen hundred dollars, instead of the sum found, thus leaving a balance in the plaintiff's favor of $97.85—exclusive of amounts due on account of proceeds of sale and the payment of fifty dollars due January 1, 1899. The court seems to have taken defendant's statement as to the aggregate of the sums paid by him, amounting to $1,602.15, whereas the several items of payment given by him aggregate only $1,511.90. There seems to

be also another error in the account. The amounts supposed to have been paid by the defendant in excess of his obligations are all of a date prior to June 18, 1897; at this time the evidence shows that the defendant agreed to release any claim he might then have against the plaintiff on account of overpayments. From that date the defendant was to pay only twenty-five dollars per month for two years, which would include the month of July, 1899. These payments he made, and also a payment of twenty-five dollars August 1, 1899, which was his last payment; but from August 1, 1899, to January 1, 1900, at which time a payment was due, there would be six months' arrears due the plaintiff at fifty dollars per month, less twenty-five dollars paid August 1st, leaving a balance of $275 due to the plaintiff, exclusive of what she is entitled to on account of sales.

For the foregoing reasons the judgment appealed from is reversed and the cause remanded.

Garoutte, J., and Harrison, J., concurred.