## ROBERTS v. TAYLOR et al.

(Circuit Court of Appeals, Ninth Circuit. July 14, 1924. Rehearing Denied September 2, 1924.)

No. 4213.

1. Trusts ⬤=35(2)—Property conveyed held charged with a trust in favor of designated beneficiaries.

An absolute conveyance of property, including real estate, was coupled with an agreement by the grantee to devote his best energies, judgment, and ability to management of the properties during the lifetime of the grantor, to keep accounts of all business, and to furnish statements and pay over to the grantor one-half of all net profits during her lifetime, and within one year after her death, out of the net proceeds of the properties, to pay specified sums to each of several persons named. *Held* that, under Civ. Code Cal. § 863, while the grantee took absolute title to the properties, it was charged with a trust enforceable by the designated beneficiaries.

2 Trusts ⬤=46—Trust to pay beneficiaries from income of property conveyed held valid.

Trust *held* not to fall for want of subject-matter to which it attached at the time it was created, since under Civ. Code Cal. § 857, authorizing the creation of an express trust to receive rents and profits of real property and pay them to the use of any person, the corpus of the trust was the property conveyed.

3. Trusts ⬤=59(2)—Trust created for benefit of third person not revocable by parties.

Trust *held* not revocable by a subsequent agreement between the grantor and grantee under Civ. Code Cal. § 2280, providing that "a trust cannot be revoked by the truster after its acceptance, actual or presumed, by the trustee and beneficiaries, except by consent of all the beneficiaries," unless the power of revocation is reserved, there being no such reservation.

4. Trusts ⬤=39—Acceptance of trust agreement by beneficiary presumed.

Acceptance of a trust agreement by the beneficiary will be presumed, and formal acceptance is not necessary to its validity.

5. Wills ⬤=91—Instrument conveying present interest not testamentary.

Where an instrument, though consisting of a conveyance and a contemporaneous agreement, which are to be regarded as one instrument, according to its proper legal effect, passes at the time of its execution a present interest in the property to a third person, though only an interest in a future estate, it is a present conveyance and not a will.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; John S. Partridge, Judge.

Suit in equity by Flora Taylor and others against Willis H. Roberts. Decree for complainants, and defendant appeals. Affirmed.

The appellees, in their bill of complaint against the appellant, alleged that on August 13, 1909, Minerva H. Roberts entered into a written agreement with the appellant whereby she agreed to transfer to him a large estate, consisting of real and personal property situated in California, and in consideration thereof he agreed to manage said property during her lifetime, and render to her one half of all net profits thereof during her life, he to retain to himself the other half of said net profits, and within one year after her death he agreed to pay out of the net proceeds of said properties to each of certain named beneficiaries, here represented by the appellees, the sum of $5,000; that pursuant to the agreement Minerva H. Roberts conveyed and transferred to

the appellant all of said property described in the contract, the value of which was appraised at $328,685.09, and the appellant accepted said property under said agreement; that on November 13, 1918, Minerva H. Roberts died; that the appellant refused to recognize the alleged trust in favor of the appellees, or pay them the sums so agreed to be paid them under the terms of said agreement. The answer denied that the effect of the agreement was to create a trust in favor of any beneficiaries, and alleged that all the property so conveyed to the appellant by Minerva H. Roberts was conveyed in fee simple absolute, free from any claim or demand of any kind. For a further defense the answer alleged that on August 16, 1917, the appellant and said Minerva H. Roberts for a good and valuable consideration mutually rescinded and canceled the terms of the prior contract in reference to the payment of sums of money to beneficiaries.

The substance of the agreement of August 13, 1909, was that the appellant would devote and apply his best energies, judgment, and ability during the lifetime of Minerva H. Roberts to the successful handling and management of the property by her conveyed to him, subject to his right "as owner of said properties, business interests, choses in action, and other beneficial interests, to collect upon or to sell and convert into money, and to exercise all the rights of ownership of and over any and all of said properties, interests, choses in action, and other beneficial interests at such times, in such manner, and upon such terms as in my judgment shall seem best." He further covenanted to keep accurate accounts of all business matters and to furnish her statements thereof, to pay her one-half of all net profits during her lifetime, and within one year after her death, out of the net proceeds of the properties, business interests, etc., conveyed to him by her, he would pay or cause to be paid, among other sums to various persons, the sum of $5,000 to each of the persons represented by the appellees in the present suit. It was further provided that "no duty herein imposed affects or impairs, or shall affect or impair, the absolute title or ownership of any property, property right, or beneficial interest this day conveyed to me by said Minerva H. Roberts, or which may hereafter be conveyed by her to me, * * * but all such titles and ownership are and shall be deemed and held to be titles and ownerships absolute in me, the net proceeds only of such properties and interests to be applied to the payment of said sums and amounts last above mentioned." It was further agreed that, if the appellant should die before the death of Minerva H. Roberts, his heirs, executors, administrators, and assigns should have and enjoy the same property rights, etc., that he would have if living, and should be bound to the discharge and performance of the same duties as those by which he was bound.

The trial court held that the agreement of August 13, 1909, constituted a trust which had not been revoked, and that the conveyance to the appellant was absolute only in form, and the court decreed the payment to the appellees of the sums so provided to be paid to them out of the money in the hands of the appellant arising from the property of the trust. From that decree the appeal is taken.

Devlin & Devlin, Robt. T. Devlin, and Wm. H. Devlin, all of Sacramento, Cal., for appellant.

E. B. Mering and W. H. Metson, both of San Francisco, Cal., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above).  [1] The appellant points to the provisions of the agreement which declare positively that he is the owner of the full and absolute legal title in and to the property conveyed to him, and that no duty imposed upon him shall affect such title, and to the absence of any provision of the agreement creating an interest in the property in favor of the beneficia-

ries therein named, and contends that no trust was created, and that the covenants by him to make the payments to the beneficiaries were simply contractual obligations undertaken by him as part of the consideration of the conveyance of the properties to him, which obligations were extinguished by the subsequent agreement of August 16, 1917, and it is contended that, so long as the legal title stood in the appellant there could be no beneficial interest in the appellees. Section 863 of the Civil Code seems to us to meet and answer the latter contention. It provides:

"Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

While it is true that the conveyance and the contract gave to the appellant absolute title in fee simple, and the assurance of title is therein emphasized and reiterated, other provisions in the contract sufficiently indicate that the intention was to charge the title with a trust. Thus it is provided that the appellant should devote and apply his best energies, judgment, and ability to the advantageous and successful management of the property, that he was to account for the proceeds thereof, that he was to turn over to each of the beneficiaries a fixed sum of money, and that the source of those payments was to be the property so conveyed to him. The beneficiaries so mentioned were the brothers and sisters of Minerva H. Roberts.

[2] As against the existence of a trust it is argued that there was want of subject-matter of a trust, that the payments to the beneficiaries were to be made only out of the net income within a year after the death of Minerva H. Roberts, and that until the occurrence of her death there was nothing to which a trust could attach. The appellant cites Molera v. Cooper, 173 Cal. 259, 160 Pac. 231, a case in which the defendant, owing the plaintiff $1,000 on a note, agreed to hold that sum in trust for third parties, and thereupon the plaintiff released the note. It was held that there was no trust, since the defendant did not actually have the $1,000 in her possession at the time of the release of the note, and that a mere promise to obtain money and thereupon hold it in trust does not create a trust, at least not until the money is obtained. But in the present case the corpus of the trust is the property conveyed to the appellant. From that estate profits were to be made, out of which beneficiaries were to be paid, and to the management of the estate, with that end, among others, in view, the appellant bound himself by his agreement. Section 857 of the Civil Code, in subdivision 3, authorizes the creation of express trusts to receive rents and profits of real property and to pay them to, or apply them to, the use of any person.

But the appellant contends that the payments for the beneficiaries were not provided to be made wholly out of the profits of the estate which was conveyed at the time of the original agreement, that there was a provision that they might be paid out of any property which might subsequently be conveyed to the appellant by the last will and testament of Minerva H. Roberts, and there could be no ascertained

subject-matter of the alleged trust until after her death. A sufficient reply to this is the allegation of the appellant's answer that no property of any kind was ever devised or bequeathed to him by the last will and testament of Minerva H. Roberts.

It is contended that section 857 of the Civil Code includes provision for all permissible trusts in the state of California, and that the agreement in this case comes within none of them unless it be subdivision 1, which recognizes an express trust to sell and convey real property and to hold or reinvest the proceeds; but it is said that, in order to comply with that provision, the power to sell must be imperative, and that here it is not imperative, and it is further said that, where real and personal property have been intermingled, the entire trust is void, if the trust as to real property is void. The Supreme Court of the state does not so construe the section, nor does it hold that, to bring a trust within the provision of subdivision 1 of section 857, the power to sell must be imperative. In Estate of Aldersley, 174 Cal. 366, 163 Pac. 206, the court upheld a trust in which the power to sell was given, if deemed advisable, or if it became necessary. A similar view of the section was taken in Aldersley v. McCloud, 35 Cal. App. 17, 24, 168 Pac. 1153. Other decisions in point are Keogh v. Noble, 136 Cal. 153, 68 Pac. 579; Janes v. Throckmorton, 57 Cal. 368.

[3] It follows, from the view which we have taken of the contract and conveyance of August 13, 1909, that the trust provisions thereof could not be revoked, as they purport to be, by the agreement of August 16, 1917. Kopp v. Gunther, 95 Cal. 63, 30 Pac. 301. Section 2280 of the Civil Code provides:

"A trust cannot be revoked by the truster after its acceptance, actual or presumed, by the trustee and beneficiaries, except by the consent of all the beneficiaries, unless the declaration of trust reserves a power of revocation to the truster, and in that case the power must be strictly pursued."

No right of revocation was reserved in the original agreement.

[4] The appellant cites section 1559 of the Civil Code, which provides that a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it. But that section cannot apply to a case where a right is vested in a cestui que trust. More v. Hutchinson, 187 Cal. 623, 203 Pac. 97, is not authority to the contrary. In that case one corporation took over the assets of another corporation, and agreed to pay a note owing by the latter to a bank. The court held that a contract for the benefit of a third person requires an acceptance by him, that until his acceptance is in some manner manifested no rights in his favor can arise, and that until then the contract amounts to a mere offer. But in the case of a trust agreement it is not necessary that the beneficiary accept the trust. His acceptance will be presumed. Cahlan v. Bank of Lassen County, 11 Cal. App. 533, 105 Pac. 765; Cartwright & Bro. v. United States Bank & T. Co., 23 N. M. 82, 167 Pac. 436; Booth v. Oakland Bank of Savings, 122 Cal. 19, 54 Pac. 370.

[5] It is admitted that the deed and the agreement here in question are to be regarded as one instrument, Tyler v. Granger, 48 Cal. 259. Such an instrument is testamentary in its nature only when from its terms it appears that the intention of the maker was that it should

not be operative as a conveyance or disposition of property or any interest, present or future, until his death. But if, as in the present case, the instrument according to its proper legal effect passes at the time of its execution a present interest or title in the property to a third person, although it may be only an interest in a future estate, it is a present conveyance and not a will. Tennant v. John Tennant Memorial Home, 167 Cal. 570, 140 Pac. 242; Hellman v. McWilliams, 70 Cal. 449, 11 Pac. 659.

The decree is affirmed.