## WALRATH et al. v. ROBERTS.

(District Court, N. D. California, Third Division. June 26, 1925.)

**1. Trusts ⬅117.**

A deed and a trust agreement, which are executed concurrently, are to be regarded as one instrument.

**2. Trusts ⬅375(1)—Decree holding conveyance was in trust for certain payments held not adjudication of claim of resulting trust in residue.**

A decree holding that a conveyance was in trust for the payment of specified sums to designated beneficiaries out of the property conveyed is not an adjudication of a claim of a resulting trust in the residue of the property.

**3. Trusts ⬅86.**

While there is a presumption that a gift in trust is not a beneficial gift, trustee may take beneficial interest.

**4. Trusts ⬅69—"Resulting trust" arises when transfer of legal estate is not intended to transfer beneficial interest.**

A "resulting trust" may be defined as a trust which arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears, or is inferred from the terms of the disposition or from the accompanying facts and circumstances, that the beneficial interest is not to go, or be enjoyed, with the legal title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Resulting Trust.]

**5. Trusts ⬅88.**

Where a trust results by force of a written instrument, it cannot be controlled, rebutted, or defeated by parol evidence.

**6. Trusts ⬅69—Conveyance in trust as to part of property presumed to reserve beneficial ownership of residue.**

Where a trust has been declared in a part of property conveyed, the law implies an intent of the grantor to reserve the beneficial ownership of the residue.

**7. Trusts ⬅88—Parol evidence admissible to show lack of intention to make gift, though trust may result.**

Parol evidence is always admissible to rebut the presumption of an equity, and though not admissible to establish a trust it is competent to establish the absence of an intention to make a gift by a conveyance, though a trust in the property may result.

**8. Trusts ⬅371(2)—Bill to establish trust held to state a cause of action.**

A bill to establish a resulting trust in property conveyed *held* to state facts sufficient to require a hearing on the merits and not subject to dismissal on motion.

**9. Limitation of actions ⬅103(2)—Trusts ⬅365(2)—Only repudiation by trustee to knowledge of beneficiaries can start limitations running; suit to enforce trust held not barred by laches.**

In case of a trustee, only an unequivocal repudiation of the trust by him, with knowledge brought home to the beneficiaries, can set the statute of limitations in favor of the trustee in motion, and a suit by beneficiaries to establish a resulting trust in property, brought a few months after the expiration of four years from the time it became the duty of the trustee to recognize the trust, if valid, which is the limitation fixed by the California statute (Code Civ. Proc. Cal. § 343), *held* not barred by laches, where the trustee merely retained possession of the property, and complainants were without knowledge of their rights.

**10. Courts ⬅310—Omitted party held not indispensable in suit to establish trust, and suit might proceed without her to prevent ousting of jurisdiction (equity rule 39).**

In a suit in a federal court by assignees of an interest in an estate to establish a resulting trust in property conveyed by decedent, their assignor, owner of the remaining interest, *held* not indispensable party, and where her joinder would oust the jurisdiction of the court, under equity rule 39, it may proceed without such joinder.

**11. Equity ⬅264—Evidence pleaded may be stricken from bill on motion.**

Allegations of a bill which relate to matters of evidence, and not to ultimate facts, may be stricken out on motion.

In Equity. Suit by Clara E. Walrath and others against Willis H. Roberts. On motions by defendant to dismiss bill, to strike out parts of bill, and for a further and more particular statement. Motion to dismiss denied. Motion to strike out granted in part, and motion for more particular statement denied.

W. H. Metson and E. B. Mering, both of San Francisco, Cal., for complainants.

Devlin & Devlin, of Sacramento, Cal., for defendant.

### On Motion to Dismiss.

KERRIGAN, District Judge. This is a bill to declare a resulting trust in certain property, the residue of an estate which in an earlier decision of this court was held to have been charged with a trust in favor of certain beneficiaries, affirmed in Roberts v. Taylor (C. C. A.) 300 F. 257. Defendant has interposed a motion to dismiss, on the grounds (1) that, under the terms of the declaration of trust set out in the bill, he is absolute owner of such portion of said estate as was not exhausted by its trust purposes; (2) that the bill shows complainants have been guilty of laches; and (3) that an indispensable party has not been joined as plaintiff. Defendant also has filed motions to strike out parts of the bill, and for a further and more particular statement.

The facts of the case have been summarized by the Circuit Court of Appeals in its opinion, and need not be stated in full. It appears from the bill now filed that on August 13, 1909, Minerva H. Roberts was the owner of and entitled to distribution of the estate of John H. Roberts, deceased, then in course of probate and having a total appraised value of $328,685.09; that on that date said Minerva H. Roberts conveyed said property to defendant Willis H. Roberts, who at the same time executed the trust agreement already referred to; that said agreement in effect provided that defendant would, during the lifetime of said Minerva H. Roberts, manage the property so conveyed to him, keep an account thereof, and pay to her one-half of the net profits therefrom arising, retaining the other half of said profits for his own use; that defendant by said instrument further agreed that within one year after the death of said Minerva H. Roberts, out of the net proceeds of the properties then conveyed to him (or by her last will or later deed to be conveyed to him), he would pay various sums, in the amount of $29,000, to specific named persons and charitable institutions therein named, together with an annuity of $25 a month to one Harriet Coppin.

It further appears from the bill that on October 10, 1910, said estate was duly distributed; that until the death of Minerva H. Roberts, on November 13, 1918, defendant divided with her all of the income derived therefrom; that her last will did not mention or specifically dispose of any rights asserted to remain in her in said property; that no other property was either by later deed or by last will conveyed or bequeathed to defendant; and that since the date of the death of said Minerva H. Roberts, defendant has continued to hold as absolutely his own the entire estate, together with all the rents and profits issuing thereoutof.

By virtue of the earlier decision, it has been established that the agreement to pay $29,000 and an annuity to certain persons and institutions constituted an agreement to hold in trust, and that the rights of the beneficiaries therein named could not be affected by a subsequent agreement between Minerva H. Roberts and defendant, purporting to abrogate their interests. By the present suit it is sought to establish a resulting trust in that portion of the property which was not exhausted by the execution of the trusts above referred to. Complainants are assignees of a one-half interest in the residue of the estate of Minerva H. Roberts. Their assignor, however, owner of the remaining half, has not been joined as a party, because, as stated in an amendment to the bill, to do so would oust the jurisdiction of this court.

Considerable space has been devoted in the briefs to the question of res adjudicata; complainants arguing that the court has held the title of Willis H. Roberts to be absolute only in form, and that therefore said defendant was not author of the trusts. To this defendant replies that the holding was that the agreement created a trust only in so far as it required defendant to make payment to certain beneficiaries of specific sums named in their favor.

[1-3] I think it quite clear that the author of the trusts was Minerva H. Roberts, regardless of the fact that the deed which she executed was absolute. A deed and an agreement which are executed concurrently are to be regarded as one instrument (Tyler v. Granger, 48 Cal. 259, 268; Roberts v. Taylor [C. C. A.] 300 F. 257, 260), and it is notorious that equity will disregard the form of a transaction and look to its substance. But it by no means follows that the present claims were adjudicated in the earlier litigation. As stated by both parties, the question of a resulting trust is a new and independent one; for, although there is a presumption that a gift in trust is not a beneficial gift, nevertheless it is impossible to say that because property is given to a person as trustee, he therefore takes no beneficial interest.

[4, 5] A resulting trust may be defined as a

trust which arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears, *or is inferred from the terms of the disposition or from the accompanying facts and circumstances,* that the beneficial interest is not to go or be enjoyed with the legal title. 26 R. C. L. 1214. It has been said that where the trust results by force of a written instrument, it cannot be controlled, rebutted, or defeated by parol evidence of any kind (Perry on Trusts [6th Ed.] § 150); and defendant has placed considerable reliance on this statement of the law. But here we have an instrument which is entirely silent on the question of whether or not a trust results.

[6] We are dealing, in such a case, with a situation where a trust has been declared in but a part of the property conveyed, and where, in consequence, the law implies an intent of the grantor to reserve the beneficial ownership of the residue (26 R. C. L. 1217), or where (as it has otherwise been stated) a presumption arises that the trustee was to take no beneficial interest (26 R. C. L. 1215; In re West, [1900] 1 Ch. 84; Perry on Trusts [6th Ed.] § 152). Since there is no express declaration of trust as to the residue, we are presented with a question of intention, for, as Professor Pomeroy says, himself italicizing the word "intention" (3 Pomeroy's Equity Jurisprudence, § 1031): "In all species of resulting trusts *intention* is an essential element, although that intention is never expressed by any words of direct creation." Lezinsky v. Mason Malt Whisky Distilling Co., 196 P. 884, 185 Cal. 240, 251.

Where, from the face of the trust instrument, it appears clearly either that a trust was intended to result or that one was intended not to result, then parol evidence is inadmissible. This, precisely, is all that Lord Eldon decided in the case of Langham v. Sanford, 19 Ves. 641, 643, cited by Mr. Perry in the section of his work on which defendant relies, while in Gladding v. Yapp, 5 Madd. 56, 59, cited in the same section and note, the Vice Chancellor said: "If there be no express declaration of trust in the will, and only circumstances which afford inference or presumption of trust in the executor, *there parol evidence is admissible to answer that inference or presumption."* See, also, Perry on Trusts (6th Ed.) § 152.

[7] By permitting the circumstances of the original transaction to be shown by parol, the thought may suggest itself that the effect of such evidence is to establish a trust. As such, under the statute of frauds, it would be incompetent; but as *negative* evidence it is competent to establish the absence of intention to make a gift, in which case the trust results by operation of law. Thomas v. Thomas, 81 A. 748, 79 N. J. Eq. 461. The statement that parol evidence is always admissible to rebut the presumption of an equity (Thayer, Preliminary Treatise on Evidence at the Common Law, 437–439) is fundamentally correct, and must yield only to a clear and unambiguous expression of intent.

[8] Accordingly it will be necessary to have a trial on the merits, at which it will be determined whether the conveyance of August 13, 1909, in the language of In re West, supra, was intended by Minerva H. Roberts to be one *for* a particular purpose only, or a conveyance absolutely, but *subject to the performance* of that purpose. From the bill itself, and from the instrument which has been annexed to it, this cannot be determined with positiveness, for the circumstances set out are highly conflicting.

On the one hand, we have the facts that defendant and Minerva H. Roberts, though of the same name, were not relatives, indicative of a lack of motive to make a gift as large as the one in question; that an agreement was entered into by defendant to manage the property of the estate, and to account for and pay over half of its profits, a fact inconsistent with the theory of an absolute title in defendant prior to the death of the grantor (Estate of Heywood, 82 P. 755, 148 Cal. 188); that there was a provision for the payment of benefits to the cestui que trusts out of property thereafter to be conveyed or willed by said grantor to defendant, tending to indicate an intention on the part of Minerva H. Roberts, the grantor, that defendant should at all times act as the administrator of property which she did not wish to manage or have managed by her executor, after as well as prior to her decease; that the trust purposes enumerated would not have exhausted more than a tenth of the original estate, which, together with the fact that defendant's half share in the profits was expressly limited to "during her lifetime," creates an inference that he should take no beneficial interest thereafter; and, finally, that Minerva H. Roberts was a woman, who at the date of the agreement apparently was about to be confronted for the first time with the administration of a large estate, of which she was far more likely to delegate the administration than to give away the corpus.

On the other hand, there are certain circumstances which I regard as strongly argumentative of the existence of an intention on her part to make a gift of the property, sub-

ject to the fulfillment of certain enumerated trust purposes after her death. Considering the nature of the property involved, the agreement has few of the earmarks of a business transaction: a remuneration of 50 per cent. for the administration of such an estate would by most men be deemed liberal, if not excessive. It appears that Minerva H. Roberts did not attempt specifically to dispose in her will of any asserted right or claim to the property, a fact indicative of a belief on her part that she had given it away; that, although not related to defendant, she had acquired said property from a member of defendant's family; that by approximately $300,000 its appraised value exceeded the trust claims on it, which renders the provision for conveyance of additional properties to defendant highly redundant, unless intended to relieve him of the necessity of selling part of the original estate; that the original agreement, although full on all other points, was silent on the point of ownership after the death of Minerva H. Roberts and payment of the trusts, containing, on the contrary, assertions of defendant's absolute ownership.

In the face of inferences so contradictory as these, the course which opens up the way to explanations is the better one. On motion to dismiss, it is impossible to say either that complainants or defendant is entitled to recover, and on the merits of the bill, defendant's motion therefore must be overruled.

[9] The next question arising is that of complainants' laches. Minerva H. Roberts died on November 13, 1918. Inasmuch as defendant's obligations under the agreement of 1909 were to be performed within one year after her death, if a resulting trust existed, it would have been his duty on November 13, 1919, to transfer to her successors in interest the residue of the estate. Civil Code, § 871. Instead of doing so, it appears that he kept and retained it, and is now in possession of it, together with all the rents and profits since November 13, 1918. This action was commenced on January 19, 1925, or more than four years after the duty of defendant to return the unused portion presumptively became absolute. As the California statute of limitations in such cases (C. C. P. § 343) is four years, it is claimed that this court must follow its analogy, and hold that complainants' rights are barred.

The rule undoubtedly is, however, that "in the case of a trustee only an unequivocal repudiation of the trust by him, with knowledge brought home to the beneficiaries of the trust, could set the statute of limitations in favor of the trustee in motion." Elizalde v. Murphy, 126 P. 978, 163 Cal. 681, 685; and cases cited; Hermosa Beach Land and Water Co. v. Law Credit Co., 166 P. 22, 175 Cal. 493, 496; Lezinsky v. Mason Malt Whiskey Distilling Co., 196 P. 884, 185 Cal. 240, 244; 16 Cal. Jur. 428. Defendant's mere retention of the property, without knowledge on the part of complainants that their right existed, assuredly would not constitute such a repudiation as the cases require. Nor can I conceive how defendant has been injured by being allowed to use the property and to appropriate to himself the income derived from it. Here the same considerations must be held to apply as were deemed applicable in the case cited by the West Virginia Supreme Court of Appeals in Depue v. Miller, 64 S. E. 740, 65 W. Va. 120, 23 L. R. A. (N. S.) 775, 781, where a lapse of 30 years was held not to bar cestuis que trust of their remedy against a trustee.

[10] The remaining question on this motion has to do with the nonjoinder of complainants' assignor, Sadie E. Colby, who is apparent owner of the remaining one-half interest in the alleged trust property. As amended, the bill sets forth that she is a citizen of the state of California, of which defendant also is a citizen, and that to join her would oust the jurisdiction of the court. Defendant claims, however, that she is an indispensable party, and that under the California decisions, where a partial assignee fails to join the owner of the remaining interest in the right which he seeks to enforce, a demurrer will lie.

That this is the law with regard to choses in action may be taken for granted. Martin v. Howe, 211 P. 453, 190 Cal. 187, 193; Grain v. Aldrich, 38 Cal. 514, 99 Am. Dec. 423. But it certainly is not the law with regard to other species of property. The distinction between formal or nominal parties, sometimes termed "proper" parties, and parties whose presence before the court is indispensable, has been long recognized in the federal courts, both prior to and under the new equity rules. The criterion by which to determine when one is a mere formal or nominal party is whether or not a decree is sought against him. 21 C. J. 303; Payne v. Hook, 74 U. S. (7 Wall.) 425, 432 (19 L. Ed. 260). As stated in the case just cited: "It can never be indispensable to make defendants of those against whom nothing is alleged and from whom no relief is asked."

More than 100 years ago, under facts involving similar principles, Judge Story ruled that an heir, suing in the federal court, could

maintain an action against administrators without joining his coheirs. West v. Randall, 2 Mason, 181, 29 Fed. Cas. 718, No. 17,424. There the same objections were made which have been made here, that the present suit would not close the defendants' accounts, and that the other heirs might sue again; but the court, relying on well-founded authority, refused to hold that the nonjoinder was fatal to the prosecution of the suit.

In 1912, federal equity rule 39 was made to provide as follows: "In all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, cannot be made parties * * * because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in its discretion, proceed in the cause without making such persons parties. * * *" This had been the substance of former equity rule 47 ever since 1842, and undoubtedly is sufficient justification for allowing the maintenance of this suit, which I accordingly shall do. Thomas v. Anderson, 223 F. 41, 43, 138 C. C. A. 405; Mathieson v. Craven (C. C.) 164 F. 471, 475, 476.

### On Motion to Strike Out.

[11] Defendant's motion to strike out portions of the bill must be granted in part, and denied as to the remainder. I agree with counsel that the allegations with reference to the previous suit have no proper place in this bill. Equity rule 25 requires that only ultimate facts shall be pleaded; whereas, these are conclusions of law. While the earlier decree, as above stated, will be evidence creative of a presumption that a resulting trust exists in favor of complainants, it is strictly a matter of evidence, and not one of pleading. The agreement of 1909 has been set out, and complainants have alleged that by virtue of such agreement they have an interest in the subject-matter of the former suit. That allegation is sufficient.

The balance of defendant's motion, however, must fail. In the bill, facts have been set up from which a resulting trust springs. The terms "trust" and "resulting trust" are used, I think, merely as symbols to represent the clusters of facts from which the trust arises. Such pleading, because of its brevity and simplicity, should be encouraged, rather than held improper.

### On Motion for a Further Statement.

The third motion is for a further and more particular statement of the case made out in the bill. The amendment to the bill, which assigned a proper reason for the non-joinder of Sadie E. Colby, of itself disposes of particulars 1, 2, 4, and 5, while several of the other particulars in effect have been eliminated by discussion of the other motions. As a pleading, the bill appears to me sufficiently to advise defendant of the nature of the right asserted against him. Matters of defense are to be elicited, if at all, on interrogatories, and not on a motion to make more definite, or for a bill of particulars. It is not, for example, necessary to allege why the relief now demanded was not asked for in the former suit. Nor is it either necessary or proper for complainants to be required to incorporate into their bill the conclusions of law asked for in the eighth, ninth, tenth, and twelfth particulars. This motion, therefore, will be denied in toto.

As above indicated, the motion to dismiss is denied, as is the motion for a further and more particular statement. The motion to strike out is granted in part, and in part denied, as already indicated.

It is so ordered.