ISIDOR ZULVER ET AL.

*vs.*

FLORENCE MURRAY.

*Implied Trust—Evidence.*

In a suit by the occupant of a house against persons to whom the property had been conveyed on a sale thereof, to have a trust declared in her favor, by force of an alleged oral agreement made at the time of the sale, *held* that, there being no evidence as to any specific terms of such an agreement, and it appearing that plaintiff continued to pay "rent" as before, and that she had made no payment on the purchase money, no trust could be implied, even though plaintiff had, for some unexplained reason, joined in the execution of the purchase money mortgage.

*Decided June 29th, 1921.*

Appeal from the Circuit Court of Baltimore City (STUMP, J.).

Bill by Florence Murray against Isidor Zulver and Hilda Zulver, his wife, to establish a trust. From a decree for plaintiff, defendants appeal. Reversed.

The cause was argued before BOYD, C. J., PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*William Curran,* for the appellants.

*Frank D. Noel* and *Julian F. Diehl,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The outstanding fact in this case is the guilelessness or carelessness of all the parties concerned in or connected with it. Mrs. Florence Murray lived at No. 2003 McCulloh Street, which she rented from Julius F. Diehl in December, 1917, and where she carried on a boarding house. Across the street Isidor Zulver had a grocery store, at which Mrs. Murray was a customer. According to the testimony of Mrs. Murray, sometime in 1918 Mr. Zulver broached to her the subject of buying the house she occupied, saying in substance that he was willing to finance the deal and that she could continue to pay to him the same amount weekly that she had been paying to Mr. Diehl as rent, and that from it he would pay the taxes, ground rent, water rent, and interest on the advances, and then apply the balance on the principal. Mr. Diehl, the then owner, was called on and expressed his readiness to sell the property for nineteen hundred dollars. The transaction was consummated for that amount, of which fifteen hundred dollars was borrowed on mortgage from The New Home Building and Loan Association. The deed from Mr Diehl was taken in the name of Mr. and Mrs. Zulver, with no mention to indicate that Mrs. Murray was in any way interested in the property, though in the mortgage which was made she is named as one of the mortgagors, and she signed and acknowledged the mortgage. The character of Mrs. Murray's interest, if any, is not set out in the instrument, but is left entirely to conjecture. Mr. Diehl seems to have been under the impression that the transfer was being made for Mrs. Murray's benefit, but as to the specific terms of this, his testimony is very vague and indefinite.

Some three weeks after the execution of the deed, Mr. Zulver called on Mrs. Murray to increase the amount of her weekly payments from $11.50 to $15, and the receipts given were uniformly for "rent." Then in due order followed an ejectment proceeding in the Peoples' Court, which was dismissed, and then a notice to quit.

The bill in this case seeks to have the equity court declare a trust in the property for the benefit of Mrs. Murray, and then to enforce the trust so declared, and that an accounting might be had of the sums of money which Mrs. Murray had paid. This was clearly not an express trust, as there was no evidence in writing with regard to it, as is required by the Statute of Frauds. If there be a trust at all, it is in the nature of an implied trust. Where land is purchased in the name of one person for the benefit of another who has paid the money, or where a conveyance has been obtained by fraud, the law will imply a trust (*Watson* v. *Watson,* 198 Pa. 234; *Aborn v. Searles,* 18 R. I. 357); or, as was said in *Dixon* v. *Dixon,* 123 Md. 44, "Payment or advance of the purchase money by the party claiming the trust before or at the time of the purchase in indispensable. * * * It is held in all the cases that the payment which is the foundation of the trust must be made out by plain, direct and unequivocal evidence." See also *Dorsey* v. *Clarke,* 4 H. & J. 551.

The authorities in the various states are all to the same effect and will be found collected in 26 *R. C. L.*, p. 1223. To establish an implied trust by parol evidence, the testimony must be of the most convincing character. *Dixon* v. *Dixon, supra; Hollida* v. *Shoop,* 4 Md. 465; *Kreps* v. *Kreps,* 91 Md. 692. When we turn to the evidence, the plaintiff herself was extremely vague as to the terms upon which the supposed trust was based. In one of her answers, referring to a conversation with Mr. Zulver, she says, "We did not agree on anything"; at another point she mentions as the rate of interest which she was to pay on the advances, the figure three per cent. In this she is flatly contradicted by her own counsel, Mr. Diehl, from whom the property was purchased. She was without knowledge of the taxes or water rent, and with a single exception of the amount of the annual ground rent, her testimony is entirely lacking in conclusiveness, even as evidencing that she had any clear conception of the transaction.

The one thing which might give color to her claim of an implied trust is the fact that she signed and acknowledged the mortgage for fifteen hundred dollars to the New Home Building and Loan Association, but why this was done, neither she nor her counsel nor Mr. Zulver can offer any adequate explanation. The only suggestion on this line is that it was required by the building and loan association, but why required, no one seems to know. This evidence falls far short of measuring up to the degree of evidence necessary for the Court to declare or enforce an implied trust, and the decree below must therefore be reversed and the bill dismissed.

*Decree reversed, and bill dismissed with costs.*