TIEMANN ET UX *v.* WELSH

[No. 174, October Term, 1947.]

*Decided June 16, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Edwin H. Brownley,* with whom were *Karl F. Steinmann* on the brief, for the appellants.

*Hyman Ginsbgerg,* with whom where *Manuel E. Lefko* and *Ginsberg & Ginsberg* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by John F. William Tiemann and Amelia Elizabeth Tiemann, his wife, appellants, from a decree of the Circuit Court of Baltimore City ordering the appellants to execute a deed to the property known as 802 West Pratt Street, in Baltimore City, unto Maggie A. Welsh, appellee, free and clear of all claims and encumbrances.

Testimony in the case presents the following facts. In September, 1920, Maggie A. Welsh, the appellee, hav-

ing rented the property here in dispute from the Hopkins Place Savings Bank of Baltimore City for a period of approximately thirty-seven years, purchased that property from the bank for a purchase price of $4,000, which she paid. At the express request of Mrs. Welsh, the Hopkins Place Savings Bank executed and acknowledged a deed to the appellants, her niece and nephew, conveying the property to them as tenants by the entireties and the deed was so recorded. Since the purchase of the property Mrs. Welsh, the appellee, has continuously occupied it without payment of rent. She has also paid the taxes since the purchase. She stated that she paid for all repairs to the property, except some carpenter work and the painting of the store front which appellants claim was paid by them. Mrs. Welsh claims that she supplied the appellants with money with which appellants paid for these items.

Mrs. Welsh testified that before she purchased the property in September, 1920, she asked the Hopkins Place Savings Bank whether she could have the property put in the names of her niece and nephew, the appellants, and she was informed that this could be done. She said that in the meantime she told the appellants that she was going to use their names and asked them whether this would be "all right" and they consented. She said that the reason she wanted the property put in the appellants' names was: "Well, for fear that I was so good hearted and done favors, they would come and ask me to do favors as it was in my name." She evidently meant by this remark that she wanted to protect the property from creditors which she might incur by reason of doing favors for other people. She further stated that she never gave the deed to any one, but kept it in her possession since it was recorded. She further said that the appellants told her to keep the deed and she could use their names.

On the other hand, Mrs. Tiemann testified that the first time she heard of the transaction was when the appellee brought the deed to her home in December, 1920,

and gave it to her saying that the property was to be that of the appellants, and the appellee wanted them to have it, and she would pay the expenses and would stay there. Mrs. Tiemann further testified that she kept the deed until 1944, when the appellee asked for its return so that she could show it to a carpenter who was doing some work on the property. Mrs. Welsh denies that she ever gave the deed to either of the appellants or that she ever said that she wanted the appellants to have the property. Friendly relationship continued between the appellee and her niece and nephew, the appellants, until February, 1945. At that time Mrs. Welsh claimed that Mrs. Tiemann "put that lie on my dead brother. I couldn't get over it and she ignored me."

In 1946, through her attorney, the appellee made demand on the appellants that the property be deeded to her. Mrs. Tiemann testified that she had no objection to the appellee remaining in the property and had no intention of dispossessing her. Upon failure of the appellants to convey, the appellee, on March 20, 1947, filed a bill of complaint asking that the appellants be required to convey the property to her. From the decree ordering the conveyance to be made, the appellants appeal.

The appellee has filed in this case a motion to dismiss the appeal for the reason that the appeal was filed by the appellants on December 5, 1947, and the designation of the portions of the record, proceedings and evidence to be contained in the record on appeal was not served by the appellants upon the appellee until the 14th day of January, 1948. Appellee's counsel claims that this service upon the appellee was not made in as prompt a manner as required by Rule 18 of this Court. However, the appellee's counsel admitted during the argument in this Court that appellee had not been damaged by this delay. The motion to dismiss the appeal will therefore be denied.

Appellants claim that the conveyance of the property to them was a gift and a valid and effective conveyance. This is denied by the appellee.

6

It is settled beyond question in this State that where one takes the title to property which is paid for by another, in the absence of any facts explanatory of such circumstances, a resulting trust arises in favor of the person supplying the purchase money. This presumption is one of fact and not of law and the real intention of the parties to the transaction may be shown. Of course, there is an exception to this rule where the person supplying the purchase money is under a natural, moral or legal obligation to provide for the person taking the title, such as in the case of parent and child or husband and wife. In that case, the purchase is considered as an advancement or settlement, as the case may be. *Dixon v. Dixon,* 123 Md. 44, 55, 90 A. 846, Ann. Cas. 1915D, 616; *Powell v. Mackenzie,* 137 Md. 266, 270, 112 A. 290; *Zulver v. Murray,* 139 Md. 242, 244, 114 A. 896; *Springer v. Springer,* 144 Md. 465, 476, 125 A. 162; *Vogel v. Vogel,* 157 Md. 147, 153, 145 A. 370; *Cropper v. Lambertson,* 174 Md. 24, 197 A. 576; *Mountford v. Mountford,* 181 Md. 212, 218, 29 A. 2d 258; *Fasman v. Pottashnick,* 188 Md. 105, 109, 51 A. 2d 664, 665.

As the appellants are niece and nephew of the grantor, she was under no natural, moral or legal obligation to provide for them and the exception to the rule does not apply in this case. Of course, in order to establish a resulting trust the burden of proof rests upon the person seeking to establish the resulting trust, to prove by clear and convincing evidence that she paid the purchase money and any other facts pertinent to such a trust. *Cropper v. Lambertson, supra,* 174 Md. page 27, 197 A. 576; *Fasman v. Pottashnick, supra,* pp. 109-110. In this case it is not denied that the appellee paid the purchase money for the property. Therefore, there is a presumption of a resulting trust in favor of the appellee and there appears nothing to overcome that presumption. It is true that one of the appellants, Mrs. Tiemann, claimed that the deed was delivered to her for a certain period of time and the appellee told her that she was giving the appellants the property. However, appellee denies this

and there is no testimony to corroborate appellant's statement. Mrs. Tiemann admits that the appellee said that she was going to live there and would pay the expenses. No harm has been done to the appellants from the fact that the property was placed in their names.

The evidence therefore shows that the appellee paid the purchase money for the property and has lived there for a period of approximately twenty-seven years since its purchase, without paying one cent of rent to the appellants. She had paid the taxes, the expenses of the repairs to the property during that period and states that the property was placed in the names of the appellants simply to protect her against persons who might impose upon her generosity. She was under no natural, moral or legal obligation to provide for the appellants.

We are therefore unwilling to disturb the finding of the chancellor, who had the opportunity to see and hear the witnesses and to observe their demeanor on the stand, that a resulting trust in favor of the appellee has been established. The decree will therefore be affirmed.

*Decree affirmed, with costs.*