(Decided December 5th, 1895.)

---

## BURRIS SUBERS *vs.* SAMUEL HURLOCK.

*Mortgage of Indemnity—Statute of Limitations—Covenant to Execute
Deeds.*

The Statute of Limitations begins to run in favor of the mortgagor from
the time the condition of the mortgage is broken.   And if the mort-
gagee sleeps upon his right to foreclose, which then accrues, the
lapse of the statutory period will bar his claims.

Upon a mortgage to indemnify, etc., the Statute of Limitations applies
in the same manner as in mortgages to secure the payment of money.

In 1854 H. conveyed to X. in fee certain land in which H. had only a
life-estate, the remainder being in his three children, then minors.
Subsequently, H. executed a mortgage of other land to X., condi-
tioned that H.'s children should, as they severally attained the age
of twenty-one years, convey their interest in the first mentioned tract
of land to X., and that H. should in the meantime indemnify X. from
all claims to said land made on behalf of the children.   When the
children came of age no conveyances were executed by them to X.
The youngest child came of age in 1871 ; H. died in 1888, and X.'s
grantee of the first mentioned tract of land was evicted by H.'s chil-
dren in 1894.   In a suit by said grantee to enforce the mortgage of
indemnity which had been assigned to him, *Held,*

1st. That upon the coming of age of the children of H., and their fail-
ure to execute the deeds provided for, the condition of the mortgage
was broken, and the Statute of Limitations began then to run in
favor of the mortgagor.

2nd. That the covenant in the mortgage to indemnify X., only included
claims made by the children before attaining majority.

3rd. That the mortgagee or his assignee could not wait until he was
actually evicted from the first mentioned tract, or until twenty years
after H's death (when H.'s children would be entitled to said tract),
before foreclosing the mortgage of indemnity, for the operation of
the Statute of Limitations might thereby be suspended far beyond
the statutory period.

Appeal from the Circuit Court for Kent County, upon a
special case stated in equity. In 1854, James Hazle, who
had a life-estate in a tract of land in Queen Anne's County,
the remainder being in his three children, then infants, con-
veyed the same in fee-simple to Hendrix. On August 6,
1855, Hazle executed to Hendrix a mortgage of indemnity
conveying certain land in Kent County. The provisions of
this mortgage are set forth in the opinion of the Court. In
1855 Hendrix conveyed the land in Queen Anne's County
and also assigned the mortgage of indemnity as to title to
parties from whom both the land and the mortgage passed
by *mesne* conveyances to Subers, the plaintiff in this case.
The oldest of the three children of Hazle came of age in
1868 and the youngest in 1871. Hazle died in 1888, and
his children were in ignorance of their right to the land in
Queen Anne's County until January 1, 1894. In that year
they made claim thereto against Subers, the possessor. In
1860 Hazle conveyed the land in Kent County, described
in the mortgage of indemnity, to the defendant Hurlock.

For the purpose of this proceeding it was agreed " that
the respective rights and obligations of the parties hereto
shall be considered and construed as if the said Burris
Subers had been actually evicted by said Joseph B. Hazle,
James A. Hazle and Alice Ann Hazle, under and by virtue
of their said claim of title ; the said Burris Subers claims
indemnity and remuneration of said Samuel Hurlock, by

virtue of the mortgage of indemnity as aforesaid, to the extent of the value of the one-half interest therein, which for the purpose of this suit is placed at eight hundred dollars.'"

The Court below (WICKES, J.) decreed that the Statute of Limitations, which it was agreed in the special case stated should, be taken as if formally pleaded to the right of action claimed by Burris Subers upon the mortgage mentioned in the said special case stated from James Hazle to Charles W. Hendrix upon the land therein described and now owned by Samuel Hurlock ; said mortgage having been assigned to Burris Subers, is a full and complete defence and to any relief which could otherwise be had by the said Burris Subers upon said mortgage.

. The cause was submitted to the Full Bench on briefs of counsel. .

*John B. Brown* and *Edwin H. Brown,* for the appellant, cited : *Stump* v. *Henry,* 6 Md. 209 ; *Walker* v. *Cockey,* 38 Md. 78 ; *Keefer* v. *Zimmerman,* 22 Md. 285 ; *Boyd* v. *Parker,* 43 Md. 200 ; *Crisfield* v. *Storr,* 36 Md. 129 ; *Field's Law of Damages,* secs. 463-465 ; *Rawle on Title* (5th ed.), secs. 158, 161.

*James A. Pearce,* for the appellee, cited : *Crook* v. *Glenn,* 30 Md. 55 ; *Hardcastle* v. *Brown,* 63 Md. 484 ; 2 *Jones on Mortgages,* secs. 1192, 1210, 1195, 1194, 1188 ; *Wood on Limitations,* secs. 224, 173, 174.; *Nevitt* v. *Bacon,* 32 Miss. 213 ; *Wilkinson* v. *Flowers,* 37 Miss. 579 ; ·1 Greenleaf Evi. sec. 76 ; *Baremore* v. *Giles;* 5 John., ch. 545 ; *Cleveland Ins. Co.* v. *Reed,* 24 How. 284 ; *Downs* v. *Sooy,* 28 N. J. Eq. 55 ; *Littlefield* v. *Roberts,* '48 Me. 61 ; *Howland* v. *Shurtleff,* 2 Met. 96 ; *Doe* v. *Williams,* 5 A. & E. 291 ; *Hughes* v. *Edwards,* 9 Wheaton, 498 ; *Bacon* v. *McIntire,* 8 Met.; *Demorest* v. *Wynkoop,* 3 John., ch. 135 ; *Butler* v. *Ladue,* 12 Mich. 173 ; *Ballenger* v. *Oswaldt,* 26 Ind. 182 ; *Murray* v. *Fishback,* 5 B. Mon. 403 ; *Preston* v. *Preston,* 95 U. S. 200.

FOWLER, J., delivered the opinion of the Court.

In the year 1854, James Hazle, of Queen Anne's County, conveyed to Charles W. Hendrix an undivided half-interest in a farm in that county, by deed purporting to be a conveyance in fee simple; the said grantee at the same time taking from certain other persons a deed in fee of the remaining interest therein, it being conceded that the last named grantors had a right to convey. But when Hazle made the deed above-mentioned, he had only a life-interest in the undivided half conveyed by him, the remainder in fee being in his three children. In order to indemnify the grantee against loss by reason of his purchase, Hazle executed to Hendrix a mortgage of indemnity on a tract of land in Kent County. By several *mesne* conveyeyances Burris Subers, the appellant, became and is now the owner of the land in Queen Anne's County, which was in part conveyed by Hazle to Hendrix, and Samuel Hurlock, the appellee, likewise became the owner of the land mortgaged in the manner above mentioned. For the purpose of this case it has been agreed that the appellant has been actually evicted by the children of said Hazle, who, he being dead, are the real owners in fee of the undivided interest conveyed by their father. By reason of this eviction, the appellant claims indemnity and remuneration of said Hurlock by virtue of said mortgage. This claim is resisted by the appellee generally, and because the statutory plea of limitation is a bar thereto. It is also contended that this claim is stale and without merit by reason of appellant's *laches*, which will prevent any recovery by him against the appellee.

The only question we need consider is, conceding no proceedings were taken on the mortgage until more than twenty years after the youngest of said children came of age, whether the Statute of Limitations constitutes a bar to the claim now made. The answer to this question depends upon another, namely, when did the cause of action accrue and the statute begin to run? In order to answer this question we must examine the mortgage, or rather that part

of it in which the parties themselves declare what is the true intent and meaning thereof. The language used is as follows:

" Provided always, and it is the true intent and meaning of these presents, and of the said parties hereunto, that if the said Joseph Benjamin Hazle, James Hazle and Alice Ann Hazle, do or shall when and so soon as they shall have *severally* attained the age of twenty-one years, at the cost and charges of the said James Hazle, convey and assign unto the said Charles W. Hendrix, his heirs and assigns, by such deeds and conveyances as the said Charles W. Hendrix, his heirs and assigns, or his or their counsel learned in the law shall approve of, all their rights, title, interest and estate, in and to the said lands and real estate contained in the said deed from James Hazle to the said Charles W. Hendrix, and hereinbefore referred to and recorded among the land records of Queen Anne's County, without any consideration to be paid to the said Joseph Benjamin Hazle, James Hazle and Alice Ann Hazle for so doing; and also, *if,* and in case *the said James Hazle,* his heirs, executors or administrators, do and *shall in the meantime, and until* the said Joseph Benjamin Hazle, James Hazle and Alice Ann Hazle, *shall have executed such conveyance as aforesaid and delivered the same, save harmless, defend, keep harmless and indemnify the said Charles W. Hendrix, his heirs and assigns,* executors and administrators, and his and their goods and chattels, lands and tenements, and the said tract or parcel of land and premises (an undivided half part, as aforesaid) so to be conveyed by the said Joseph Benjamin Hazle, James Hazle and Alice Ann Hazle to the said Charles W. Hendrix as aforesaid, and the rents, issues and profits thereof, *from all claims and demands to be made thereto by or on the part and behalf of the said Joseph Benjamin Hazle, James Hazle and Alice Ann Hazle, then and from thenceforth these presents,* and every matter and thing therein contained, *shall* cease and *be utterly null and void,* anything herein contained to the contrary thereof in anywise notwithstanding."

It seems to us too clear for controversy, that as and when the children reached the age of twenty-one, and failed to execute the deeds provided for, the condition of the mortgage was broken, a right of action accrued to the mortgagee and the statute commenced to run against him and in favor of the mortgagor.    This conclusion, however, as we understand the argument of counsel for the appellant, is not controverted, that is, that the failure of the children to have executed deeds as they came of age created a default, and gave the mortgagee, upon such failure, a right of action, and that such right of action having accrued more than twenty years before the institution of these proceedings, it would be a bar to them or to any action on the mortgage for indemnity for loss caused by such failure to execute such deeds.    But it is further contended that the covenant or condition of the mortgage by which it was agreed that the deeds should be executed, was not the only covenant therein, and that the appellant was not bound to sue on breach of that covenant or within twenty years thereafter, but that he could waive that right and wait until he was actually evicted, or at least until twenty years after the mortgagor's death, for until such death his children could make no legal claim against the mortgagee's land.    This contention is based upon the theory that in addition to the covenant respecting the execution of the deeds by the chil dren at majority, there was another independent covenant in the mortgage, which was a covenant to indemnify against any claim or demand made by the children, the rightful owners, and this, too, without regard to the time when such claim might be made by them or on their behalf, provided only it should be made within twenty years after the death of the mortgagor.    But it seems to us to be apparent that the intent and meaning of the parties to the mortgage, as therein expressed, was to provide from the time of its execution to the majority of the children respectively, an indemnity against loss resulting from any claim of title which should be set up by them within that time.    The mortgagor was

to save harmless and defend the mortgagee only against loss caused by breaches which happened before the time mentioned, and this becomes clear from an examination of the language of the mortgage itself, which we have already quoted. The condition of the mortgage provides for the execution of deeds by the children as they respectively reach the age of twenty-one years, and their failure so to do constitutes a breach. Indemnity is then provided for up to that period as follows: "If   *   *   *   the said James Hazle shall *in the meantime*, and until the said Joseph, &c., (the children) shall have executed such conveyances as aforesaid,   *   *   *   *   save harmless and defend and indemnify the said Hendrix   *   *   *   *   from all claim to be made by" the children, then the mortgage to be void, &c. It seems to us that indemnity against losses by reason of any claim made by the children up to the time of their majority, because of breaches happening antecedent thereto, is as clearly included within the provisions of the mortgage, as indemnity for claims made for losses because of breaches happening after that time are excluded therefrom. We conclude, therefore, that even if the provision relating to indemnity can be considered as an independent covenant, the loss now complained of is not embraced thereby.

But in no proper sense can the clause of the mortgage, which provides for idemnity, be considered as a separate or independent covenant, for if the condition of the mortgage is to be taken as a covenant, it is a covenant for title, and if so, the breach occurred, as we have said, as and when the children severally came of age, (*Wood on Limitations*, sec. 173 and note 2,) and the indemnity against loss of rents which might happen because of the successful assertion of title by the children before the period fixed for making the deeds and perfecting the title of the mortgagee was incident to and a part of the principal undertaking.

The general rule in regard to the application of the Statute of Limitations to the rights of mortgagor and mortgagee is thus expressed in 2 *Jones on Mortgages*, section 1210:

" The statute runs in favor of the mortgagor from the time the mortgagee's right of action accrues, that is, from the time the condition of the mortgage is broken. Unless the time commences to run from the time when the right to foreclose accrues, it could have no commencement except in rare instances, and the right to foreclose might be asserted against the continued possession of the mortgagor at the most remote period. From that time, the mortgagor holds subject to the right of the mortgagee to foreclose ; and if the mortgagee sleeps upon that right, if any lapse of time is to bar his claims upon the presumption that he has been paid, the period must commence from the accruing of his right of action." The principle thus announced is familiar and settled law. Thus in *Crook* v. *Glenn*, 30 Md. 51, and *Hardcastle* v. *Brown*, 63 Md. 484, this Court adopting the period of twenty years as provided by the statute of 21 James 1, in force in this State as to proceedings against real estate, held that the statute was an absolute bar where the mortgagor has been in possession for more than twenty years without payment or recognition of the mortgage debt. These were mortgages given to secure the payment of money, but we can see no reason why the same period of limitation should not apply to proceedings on an indemnity mortgage like this.

But if we should adopt the view of the appellant which has been so forcibly presented—that the right of action did not accrue until the death of the mortgagor, the operation of the statute might, at the option of the mortgagee, be suspended for nearly three times the statutory period—for it is conceded that he could have foreclosed on failure of the children to execute deeds at the time stipulated, but it is contended that he was not bound to do so until twenty years after the mortgagor's death. We are not informed what was the mortgagor's age when he died in 1888, but it is possible he might have lived twenty years longer—that is, until 1908—and in that event, if the appellant's construction be correct, he could have foreclosed his mortgage in

1928—seventy-three years after it was given.   Such a construction, leading as it does to a result so contrary to the policy of the law, should not be favored.   The Statute of Limitations operates beneficially in " the quieting of men's estates," and we should not hesitate to apply it to a case, which seems to be so clearly within its provisions as this one.

If our construction of the mortgage be correct, the Statute of Limitations is a complete bar to the appellant's claim, for no proceedings were taken on the mortgage until over twenty-six years after the eldest child of the mortgagor arrived at the age of twenty-one years, when, as we have said, the right of action accrued.

*Decree affirmed with costs.*

(Decided December 6th, 1895.)