# BENJAMIN GOLDMAN AND BEULAH WISEMAN

## *vs.*

## DORA H. MILES, EXECUTRIX.

*Marketable title: title by adverse possession.*

Ratification of a sale of real estate is not to be refused merely because the title is not merchantable, when the only objection is that the vendor's title rests in adverse possession.

pp. 182-183

The Statute of Limitations runs in favor of a mortgagor from the time that the mortgagee's right of action accrues—that is, from the time the condition of the mortgage is broken.

p. 183

*Decided June 23rd, 1916.*

Appeal from the Orphans' Court of Baltimore City.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*M. Albert Levinson,* for the appellants.

*Richard S. Culbreth,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case was instituted for the purpose of determining the marketability, in so far as the title was concerned, of certain property on East Lombard Street and South Collington Avenue in Baltimore City. Exceptions to the ratification of a sale were filed by the appellants, who had been reported as purchasers of the property in question, upon the ground that the title was not a good and marketable one. The antecedent conveyances of the property had created some confusion in the lines, but the real objection, and the only one directly involved now, arose from the existence of three unreleased mortgages in which the property or some part of it had been included.

The first of these was executed on the 13th March, 1873, to secure an indebtedness of $1,950; the second bears date the 20th March, 1873, in which the property in question and certain other property was mortgaged to secure an indebtedness of $7,500; and the third mortgage was one bearing date March 24th, 1873, for the sum of $1,500.

There is no direct evidence that the mortgage for $7,500 was paid in full, but it does appear from the administration accounts in the estate of the mortgagee that very considerable payments were made upon it. The mortgagee named in the first and third of the mortgages above mentioned was the Old Town Permanent Building Association, that corporation was placed in the hands of receivers in the early part of 1881, but nowhere in the receivership proceedings is there any question of, or reference to the mortgage for $1,950. Shortly after the receivers had been appointed they obtained a decree of foreclosure against the mortgagor of the property described in the $1,500 mortgage, and as appears from the daily papers of the time, and from the report of sale made in the foreclosure proceedings, the property was sold to the testator of the appellee, which sale was reported to the Court and finally ratified, but no deed was apparently ever exe-

cuted for the property, and no further proceedings were had in the mortgage foreclosure case.                           ,

As to the effect of the failure to record the trustee's deed, if it was executed or subsequently lost, and as to the effect of the non-recording and subsequent loss of the papers in the foreclosure case, the matter has been fully covered by the decision of this Court in *Rieman* v. *Wagner, Trustee,* 74 Md. 478, and can not of itself constitute a ground for refusing to accept the title.

With regard to the condition presented by the unreleased mortgages for $1,950 and $1,500, this case must not be confused with that class of cases in which a borrower has filed a bill to quiet his title as against a mortgage which concededly has not been paid, though a period of time has elapsed sufficient to bar the claim under a statute of limitations. Cases of this description was fully reviewed in a note to the case of *Tracy* v. *Wheeler,* 6 L. R. A. (N. S.), 516, and a further note on the same subject in L. R. A. 1916, B-1220. The doctrine which is involved in these cases applies only where a plaintiff asserts title as a successor to the mortgagor.

It appears from the evidence in the present case that ever since the trustee's sale in 1881 the appellee's testator has been in the actual, open, continuous and exclusive possession of the property in question, except in so far as there was an outstanding interest which is now vested in the appellee, Dora H. Miles, in her individual capacity, and which she has signified her readiness to convey to the proposed purchaser without any claim to the purchase money, or any portion of it, as belonging to her in her individual right. The possession, therefore, has exceeded by a considerable period, the length of time required for the acquisition of a title by adverse possession, and the evidence is uncontradicted that there has been no payment or recognition of an indebtedness upon any of the mortgages mentioned. In this condition it is no longer open to question in this State that the title of the appellee's testator, supplemented by that which she acquired,

is merchantable. In the case of *Subers* v. *Herlock,* 82 **Md.** 42, 49, this Court quoted and adopted the rule laid down in 2nd *Jones on Mortgages,* as follows:

"The statute runs in favor of the mortgagor from the time that the mortgagee's right of action accrues, that is, from the time the condition of the mortgage is broken. Unless the time commences to run from the time when the right to foreclose accrues, it could have no commencement except in rare instances, and the right to foreclose might be asserted against the continued possession of the mortgagor at the most **remote** period. From that time, the mortgagor holds subject to the right of the mortgagee to foreclose; and if the mortgagee sleeps upon that right, if any lapse of time is a bar to his claims upon the presumption that he has been paid, the period must commence from the accruing of the right of action." The principle thus announced is familiar and settled law. Thus in *Crook* v. *Glenn,* 30 Md. 55, and *Hardcastle* v. *Brown,* 63 Md. 484, this Court adopting the period of twenty years as provided by the Statute of 21 James 1, in force in this State as to proceedings against real estate, held that the Statute was an absolute bar where the mortgagor has been in possession for more than twenty years without payment or recognition of the mortgage debt."

This opinion might be indefinitely lengthened by the citation of authorities, but they are all to the same effect and the enumeration of them would serve no good purpose.

*Order affirmed, with costs, and cause remanded.*