## BATTLE *v.* ALLEN, ET AL.

[No. 330, September Term, 1967.]

*Decided September 26, 1968.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Barrington D. Parker,* with whom was *Dale L. Button* on the brief, for appellant.

*E. Harold Patterson,* with whom was *Wesley E. McDonald* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

Appellant, Mrs. Helen V. Battle, brought suit in the Circuit Court for Montgomery County in which she sought to be declared the lawful owner of certain realty in Montgomery

County that was conveyed to the appellee, Mrs. Ella B. Allen, her sister-in-law, by deed dated May 25, 1959, and recorded among the Land Records of Montgomery County January 4, 1960. The lower court dismissed her bill of complaint and she appealed.

Mrs. Battle claimed that her deceased husband, Howard Battle, a part-time real estate operator, had executed a contract to purchase for himself and her, as tenants by the entireties or joint tenants, certain land, signing the appellee's name to the contract, as a "straw" party, with the appellee's full knowledge and consent. She stated that the contract price, or at least a part of it, was paid by her and her husband, and she asked the trial court to decree a resulting trust in her behalf. Mrs. Allen asserted that she was in fact the buyer and that she paid the entire purchase price of $2,300.00 for the property. On October 3, 1967, after testimony had been taken, the chancellor entered an opinion and order dismissing the bill of complaint, finding that the appellant had failed to meet the heavy burden necessary to displace the presumption that exists in favor of the legal title.

The sales contract dated July 16, 1958, naming Ella B. Allen as purchaser, recites that a deposit of $400.00 was paid by the purchaser, and obligates the sellers to pay Howard Battle a commission of $300.00. There was evidence presented that Ella B. Allen's name was signed to the sales contract by Howard Battle. In support of her claim to the property, Mrs. Battle testified that her sister-in-law, Mrs. Allen, had agreed to hold title for the benefit of the Battles in order to keep the property out of the reach of their creditors. She also stated that she and her husband paid $350.00 cash on the purchase price and that her husband had signed and delivered to the sellers a note for $1,472.89 more than a year after the date of the contract. She further claimed that she paid off the remainder of the contract price nearly two years after the date of the contract of sale. Mrs. Battle testified that on or about April 21, 1960, following the death of her husband, she received a $5,000.00 check representing her husband's insurance proceeds and that she placed part of this money in a bank account under Mrs. Allen's name. The final payment for the land was made by a check drawn on this account of Mrs. Allen.

In defense, Mrs. Allen testified that she paid the entire contract price. The appellee stated that she had visited the property on three occasions, that she had paid delinquent taxes on the property, and that she had paid attorney James Hollis for examination of title. Mrs. Elizabeth Brooks, one of the sellers, corroborated that Mrs. Allen had made visits and further stated that she understood the buyer of the property was from North Carolina. Mrs. Allen testified that she was residing in Rocky Mount, North Carolina, throughout this transaction. Attorney James Hollis stated that Mrs. Allen had paid him at least $65.00 of the costs involved in connection with the examination of the title and the recording of the deed.

Mrs. Allen also testified that at the time the property was purchased and at the time of Howard Battle's death he was heavily indebted to her.

Lorenzo Battle, brother of Howard Battle, and their sister, Maggie Dancy, both corroborated the fact that Howard Battle had received money from his sister, Mrs. Allen. Lorenzo Battle also testified that Howard Battle had offered to sell him some property in Montgomery County.

A resulting trust is one which exists because of the inferred or presumed intention of the parties where the terms of the disposition or accompanying facts establish that the beneficial interest is not to go with legal title. *Siemiess v. Amend,* 237 Md. 438, 206 A. 2d 723. Since the law creates a strong presumption in favor of the legal title as evidenced by a deed, *Mountford v. Mountford,* 181 Md. 212, 29 A. 2d 258, a person who attempts to establish a resulting trust has the burden of proving such trust by plain, unequivocal, and convincing evidence. *Siemiess v. Amend, supra; Fasman v. Pottashnick,* 188 Md. 105, 51 A. 2d 664. Indeed, this Court has stated that the evidence must be so clear and strong as to remove every reasonable doubt as to the existence of the trust. *Gray v. Harriet Lane Home,* 192 Md. 251, 64 A. 2d 102; *Sands v. Church, Etc.,* 181 Md. 536, 30 A. 2d 771. Parol evidence may be sufficient to establish a resulting trust, but the court will view it with great caution because it impeaches a document executed according to law and recorded as evidence of title. Any other rule would disturb the reliance which the public places upon land title instruments.

*Siemiesz v. Amend, supra; Fitch v. Double "U" Sales Corp.,* 212 Md. 324, 129 A. 2d 93.

In the instant case the evidence presented was not clear and convincing enough to establish a resulting trust. The testimony of the appellant that the property was intended for her husband and herself and that the appellee had agreed to a straw party transaction lacks corroborative proof. On the other hand, appellee's testimony that she was the buyer of the property and had paid the purchase price is supported by the sales contract, the deed, the statement of Mrs. Brooks that she understood the buyer of the property was from North Carolina, and the testimony of Lorenzo Battle and Maggie Dancy that Howard Battle had obtained sums of money from the appellee.

This Court has recognized in cases of this type that the findings of the chancellor, who had the opportunity of hearing the witnesses and observing their demeanor, are entitled to great weight. *Siemiesz v. Amend, supra; Tiemann v. Welsh,* 191 Md. 1, 59 A. 2d 628. Since we conclude that the lower court in arriving at its determination did not err, we affirm the order dismissing the bill of complaint.

*Order affirmed, with costs.*