795 A.2d 234

**Philip JAHNIGEN**

v.

**Mary Rosalie SMITH.**

**No. 852, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

April 2, 2002.

550

Daniel Scherr (Reese and Carney, LLP on the brief), Columbia, for appellant.

Bryan A. Bishop (Bishop, Danerman, Reiff & Simpson, LLC on the brief), Baltimore, for appellee.

Argued Before JAMES R. EYLER, GREENE, LAWRENCE F. RODOWSKY (Ret'd, Specially Assigned), JJ.

GREENE, Judge.

On November 6, 2000, Philip Jahnigen, appellant, filed a complaint in the Circuit Court for Baltimore County against Mary Rosalie Smith, appellee, seeking to impose a constructive trust for the benefit of Jahnigen on certain real property titled in Smith's name. Jahnigen claims a beneficial one-half interest as a tenant in common with Smith with respect to the property in question. Jahnigen sought an order requiring Smith to convey to him record title to a one-half interest in the property. On November 14, 2000, Jahnigen filed an Amended Complaint for the purpose of adding the deed to the property as an exhibit. The amended complaint served to accurately describe the property, but restated the same arguments.

On December 18, 2000, Smith answered the Amended Complaint and on February 7, 2001, filed a Motion to Dismiss on the grounds of *res judicata* and laches. The motion included as exhibits documents copied from the files of a 1994 action in the District Court of Maryland for Baltimore County, includ-

ing, *inter alia,* a Complaint and Summons in Case No. 2569–94 and a Petition For Warrant of Restitution in the same action.

On April 30, 2001, the parties argued the motion before the circuit court. At the conclusion of the hearing, the court ruled that Jahnigen's equitable claims were barred by laches, applying the three-year statute of limitations which the court determined was the appropriate analogous statute. On May 2, 2001, the circuit court entered its order dismissing the action with prejudice.

On May 9, 2001, Jahnigen filed a Motion to Alter or Amend Judgment and Request for Hearing. Accompanying the Motion to Alter or Amend Judgment was an affidavit of Jahnigen supplementing the factual allegations of the Amended Complaint. The motion was denied on June 7, 2001 without a hearing.

Jahnigen subsequently brought this appeal to present the following questions for our review, which we have rephrased:

I. Did the circuit court err in dismissing appellant's Amended Complaint with prejudice under the three-year statute of limitations when appellant's claim was for the recovery of possession of his property?

II. Did the circuit court err in dismissing appellant's Amended Complaint with prejudice under the three-year statute of limitations when appellant's claim was for the recovery of possession of his property, and a cause of action did not accrue until appellant actually lost possession of the property?

III. Did the circuit court err in concluding that appellant was placed on notice of a challenge to his claim of ownership by the district court action in 1994, thus commencing the running of the statute of limitations?

IV. Did the trial court abuse its discretion in denying appellant's Motion to Alter or Amend Judgment without a hearing to consider the supplementary facts and argument regarding the accrual of the cause of action, notice, and the applicable analogous statute of limitations?

With regard to the first question presented, the circuit court erred in concluding a three-year statute of limitations was appropriate for applying a defense of laches. We further conclude that the analogous statute of limitations of twenty years did not begin to run until appellee made a clear repudiation of the agreement. Our disposition as to the first two issues makes resolution of the remaining questions unnecessary.

### *Facts*

Philip Jahnigen and Mary Rosalie Smith were friends and business associates. In April 1975, real property known as 1300 North Avenue, Arbutus, Maryland was purchased in the name of Smith. The property contained two apartments and it was agreed between the parties that Jahnigen would live in the bottom apartment, manage the property, and receive the rental income generated from the other apartment. Jahnigen used that rental income to pay the mortgage and repair costs.

In April 1994, Smith filed an action in district court to gain possession of the property from Jahnigen. This case was dismissed because Smith's request for a postponement of the hearing was denied, and she did not appear for the hearing.

Subsequently, on August 17, 1994, Smith filed a second action against Jahnigen as a tenant holding over. A trial was held before the District Court of Maryland for Baltimore County on September 1, 1994. At the close of trial, the court granted Smith's petition for a Warrant of Restitution. On November 17, 1994, however, Smith cancelled the Warrant and Jahnigen remained on the premises.

Again in June 2000, Smith filed a Wrongful Detainer action against Jahnigen in the District Court of Maryland for Baltimore County. At the hearing on the matter, Jahnigen claimed an ownership interest in the property, and the action was stayed pending a determination from the Circuit Court for Baltimore County regarding ownership. Jahnigen vacated the property pursuant to an agreement between the parties and filed the constructive trust action in the circuit court on

November 6, 2000. The circuit court determined that Jahnigen's claims were time barred and subsequently dismissed the action. Thereafter, Jahnigen noted this appeal.

## *Discussion*

### Standard of Review

In analyzing a motion to dismiss, a trial court, assuming the truth of all well-pleaded facts in the complaint and taking all inferences from those facts in the light most favorable to the plaintiff, must determine whether the plaintiff has stated a claim upon which relief can be granted. *Boyd v. Hickman,* 114 Md.App. 108, 117, 689 A.2d 106 (1997) (citing *Sharrow v. State Farm Mut. Ins. Co.,* 306 Md. 754, 762, 768, 511 A.2d 492 (1986)). Dismissal is only appropriate where the facts alleged fail to state a cause of action. *Davis v. DiPino,* 337 Md. 642, 648, 655 A.2d 401 (1995) (quoting *A.J. Decoster Co. v. Westinghouse Elec. Corp.,* 333 Md. 245, 249, 634 A.2d 1330 (1994)).

In the case at bar, appellee supplemented her Motion for Dismissal with materials from the district court file in the previous dispute. We have previously noted:

> When the circuit court considers matters outside the pleadings, the court treats the matter as a motion for summary judgment, and the legal effect of the ruling in favor of the moving party is to grant a motion for summary judgment, notwithstanding the ruling as a motion to dismiss.

*Boyd,* 114 Md.App. at 117–18, 689 A.2d 106.

Maryland Rule 2–501(e) provides, in relevant part: The court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.

When ruling on a motion for summary judgment, a court must view the facts, including all inferences, in the light most favorable to the opposing party. *Jones v. Mid–Atlantic*

*Funding Co.,* 362 Md. 661, 676, 766 A.2d 617 (2001); *Williams v. Mayor & Baltimore,* 359 Md. 101, 114, 753 A.2d 41 (2000). The standard of appellate review is whether the trial court was legally correct. *Pence v. Norwest Bank Minn., N.A.,* 363 Md. 267, 279, 768 A.2d 639 (2001); *Hartford Ins. Co. v. Manor Inn,* 335 Md. 135, 144, 642 A.2d 219 (1994); *Saponari v. CSX Transp., Inc.,* 126 Md.App. 25, 37, 727 A.2d 396 (1999).

## I. Statute of Limitations

Appellant argues that the circuit court erred in concluding that appellant's equitable claim for imposition of a constructive trust was time barred using a three-year statute of limitations as guidance. Appellant contends that the action was for the recovery of a possessory interest in property and as a result a twenty-year statute of limitations was analogous. Though we do not agree with appellant's characterization of the action, we concur that the circuit court erred in assessing a three-year statute of limitations.

■■■ The doctrine of laches is based on the general principles of estoppel and implies that a plaintiff has exhibited negligence or lack of due diligence in asserting a right to the detriment of the defendant. *Staley v. Staley,* 251 Md. 701, 703, 248 A.2d 655 (1968). In essence, a plaintiff will be estopped from bringing a claim when the plaintiff has not diligently asserted his rights in a timely manner and the delay will prejudice or injure the defendant. *Id.* The Court of Appeals has further defined laches as

> an inexcusable delay, without necessary reference to duration, in the assertion of a right, and, unless mounting to the statutory period of limitations, mere delay is not sufficient to constitute laches, if the delay has not worked a disadvantage to another.

*Bradford v. Futrell,* 225 Md. 512, 525, 171 A.2d 493 (1961).

■■■ Courts apply laches depending upon the unique circumstances of each case. *Bowie v. Ford,* 269 Md. 111, 122, 304 A.2d 803 (1973). Because the doctrine of laches is tied to the statute of limitations, "generally the statute applicable to

actions at law will be followed by analogy by the equity courts." *Id.* at 122–23, 304 A.2d 803 (quoting *Hall v. Barlow Corporation,* 255 Md. 28, 42, 255 A.2d 873 (1969)). To determine the analogous statute of limitations, we consider the facts and circumstances of the case at bar.

■ Appellant contends that he and appellee had agreed prior to the purchase of the property in 1975 that it would be initially titled solely in appellee's name. Appellant further alleges that appellee agreed to transfer one-half interest in the land to appellant, thus establishing a tenancy in common, after appellant resolved certain personal matters. Pursuant to this agreement, appellant states that the down payment and cost of settlement were split between the parties. Appellant further notes that he has periodically reminded appellee of the agreement and that appellee has always acknowledged her obligation to change the title. Appellant argues that this agreement was made binding due to a confidential relationship that existed between the parties. It is the breach of this relationship upon which appellant bases his suit.

■ A constructive trust is an equitable remedy employed to

> convert the holder of the legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property. The remedy is applied by operation of law where property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title to retain it.

*Wimmer v. Wimmer,* 287 Md. 663, 668, 414 A.2d 1254 (1980)(internal citations omitted). The remedy is designed to prevent the unjust enrichment of the holder of the property. *Id.* (citing *Siemiesz v. Amend,* 237 Md. 438, 206 A.2d 723 (1965)).

The Court of Appeals in *Bowie v. Ford,* 269 Md. 111, 304 A.2d 803, was faced with a dispute over real property. The claim before the Court alleged that the title to the property was obtained by fraud through a ratified tax sale in 1938.

Consequently, if the title was obtained through fraud, then title would be held in trust for the benefit of those wronged.[1] In resolving the constructive trust issue, the Court was mindful of the doctrine of laches. The Court concluded that the analogous action at law for a constructive trust would be an action in ejectment.[2] *Bowie*, 269 Md. at 123, 304 A.2d 803. Therefore, the Court concluded that the analogous statute of limitations was twenty years. *Id.*

The facts as presented do not support an action for a constructive trust because there has been no allegation of misrepresentation, fraud, or other improper methods of obtaining title. Instead, appellant's argument is more analogous to an action seeking a resulting trust.

Resulting trusts and constructive trusts are both forms of implied trusts. Resulting trusts arise as a result of the intentions of the parties as determined by a court.

---

1. Though the original complaint did not allege a constructive trust was formed, the Court noted:

 In reaching this conclusion we are not unmindful of the fact that these present proceedings originated with a motion under Rule 625 to set aside an enrolled decretal order of ratification. But, the law of this state is well settled that if the specifically requested remedy cannot be granted, relief suitable to the nature of the case is authorized under the prayer for general relief, which was included here. *Bowie*, 269 Md. at 121–22, 304 A.2d 803.

2. The Court stated:

 In the present case it must be kept in mind that the chancellor, at least by inference determined that Kaylor did not attempt to occupy the 13.7 acres until 1967 and this was the first time appellees had any knowledge of his adverse claim. Therefore, this is the time when any analogous statute of limitations would begin to run. In determining what the analogous statute would be when a trustee *ex maleficio*, having bare legal title, attempts to assert title in himself, free of the trust, we hold that the applicable period is that similar to the one in an action in ejectment, namely twenty years. "And it has been deliberately held by this Court, that a court of equity in applying the Statute of Limitations analogically, as to the right of entry, will not permit the claim of a party to be affected by any devolution of time short of that which would have barred him at law in an action of ejectment." This suit was instituted well within that period. *Bowie*, 269 Md. at 123, 304 A.2d 803 (internal citations omitted).

> [W]here a transfer of property is made to one person, and only a part of the purchase price is paid by another, a resulting trust arises in favor of the person by whom such payment is made in such proportion as the part paid by him bears to the total purchase price, unless he manifests an intention that no resulting trust should arise or that a resulting trust to that extent should not arise.

*Fasman v. Pottashnick,* 188 Md. 105, 109, 51 A.2d 664 (1947); *See also Battle v. Allen,* 250 Md. 672, 675, 245 A.2d 590 (1968); *Sines v. Shipes,* 192 Md. 139, 153, 63 A.2d 748 (1949).

 Actions for implied trusts are separate from contract actions. These claims essentially suggest that despite the lack of a written agreement, the holder of the property title is wrongfully possessing the property. The courts can thus conclude that the property is being held in trust for the benefit of the complainant. Consequently, actions for "resulting trusts and constructive trusts are not within the Statute of Frauds, and may be proved by parol evidence." *Fasman,* 188 Md. at 110, 51 A.2d 664.

Appellee claims that an action for a resulting trust is more analogous to a contract action and thus requires a statute of limitations of three years. Due to the nature and purpose of the instant action, we disagree.

 In the State of Maryland, it is well settled that proceedings for the recovery of possession of an interest in real property carry a statute of limitations of twenty years. *See Subers v. Hurlock,* 82 Md. 42, 49, 33 A. 409 (1895). Indeed, § 5–103 of the Courts and Judicial Proceedings Article of the Maryland Code states:

Adverse possession; common-law doctrine of prescription and other limitations unaffected

(a) In general.—Within 20 years from the date the cause of action accrues, a person shall:

(1) File an action for recovery of possession of a corporeal freehold or leasehold estate in land; or

(2) Enter on the land.

Md.Code (1973, 1998 Repl.Vol.), § 5–103 of the Courts and Judicial Proceedings Article.

Indeed, as we have noted, the Court of Appeals in *Bowie* concluded that a twenty-year statute of limitations applied to a constructive trust action seeking to recover possession of an interest in real property. *Bowie,* 269 Md. at 123, 304 A.2d 803. We find an action for an implied trust seeking recovery of real property, as set forth in *Bowie,* to be more analogous to this case than a contract action. Thus, we determine that the defense of laches should have been analyzed using a twenty-year time frame.

### *Time of Accrual*

 Having determined that a statute of limitations of twenty years should apply to the instant case, we are now faced with the question of when that time began to run. The issue regarding the running of the statute of limitations for a resulting trust action is well settled.

> Purchase money resulting trusts are [ ] destructible through *laches* of the beneficiary in seeking to enforce his claim, and through the application of the *Statute of Limitations.* As shown elsewhere the Statute runs from the date when the beneficiary had or should have had, knowledge of the repudiation of the trust by the trustee.

G. BOGERT, *The Law of Trusts and Trustees,* § 466 (rev.2d ed. 1991 Repl.Vol.); *See Sines,* 192 Md. at 159, 63 A.2d 748 (holding defense of laches on the basis of prejudice was without merit where repudiation did not occur until after death of grantor); *In Re McGavin,* 189 F.3d 1215, 1220 (10th Cir.1999) (affirming that statute of limitations did not begin to run on the claims of resulting and constructive trusts until "an adverse position to any beneficial interest ... [was] asserted...."); *Walrath v. Roberts,* 12 F.2d 443, 446 (D.C.Cal.1925)(stating that the Statute of Limitations for a resulting trust action by a trustee is not set in motion until there has been an unequivocal repudiation).

■ The question of when a repudiation occurred requires the court to resolve a factual dispute. Though the question of accrual is a judicial determination, that determination is dependent on the factual circumstances of the case. *Frederick Rd. Ltd. Pshp. v. Brown & Sturm*, 360 Md. 76, 95, 756 A.2d 963 (2000)(stating accrual is a judicial determination whether based solely on law, solely on fact, or on a combination of law and fact). This, however, does not mean that a judge, in resolving a dispute through summary judgment, is able to determine facts in dispute. *Grimes v. Kennedy Krieger Inst., Inc.*, 366 Md. 29, 73, 782 A.2d 807 (2001); *Goodwich v. Sinai Hosp.*, 343 Md. 185, 205–06, 680 A.2d 1067 (1996); *Berkey v. Delia*, 287 Md. 302, 304, 413 A.2d 170 (1980). The material facts underlying Jahnigen's claim of one-half interest as tenant in common with Smith to the property 1300 North Avenue, Arbutus are in dispute. Whether there was an oral agreement between the parties with respect to the purchase and titling of the property in question is in dispute. The claim that Smith has always acknowledged the obligation to change title for the benefit of Jahnigen, or that Smith was ever reminded of the agreement is also contested. Thus, whether the proceedings initiated by Smith in the District Court of Maryland and their subsequent termination constituted a repudiation of the alleged agreement is likewise a matter of dispute. In resolving a motion for summary judgment, it is not the province of the trial judge to decide disputed facts. *Grimes*, 366 Md. at 73, 782 A.2d 807; *Goodwich*, 343 Md. at 205–06, 680 A.2d 1067; *Berkey*, 287 Md. at 304, 413 A.2d 170. Therefore, the granting of summary judgment [3] and the subsequent dismissal of the Amended Complaint were inappropriate.

## Conclusion

For the reasons set forth above, we hold that the circuit court erred as a matter of law in utilizing a three-year statute

---

**3.** We again note that the original ruling was on a motion to dismiss. Because facts outside of the pleadings were considered, the grant of that motion had the legal effect of a motion for summary judgment.

of limitations by analogy and therefore erred in dismissing the Amended Complaint. As a result of these determinations, we need not address appellant's other questions for review.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**