837 A.2d 223

**William HARVEY**

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK.**

**No. 788, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

Dec. 3, 2003.

Jeffrey H. Kreshtool (Kreshtool & Kreshtool, on the brief), Baltimore, for appellant.

Stephen White (Wright, Constable & Skeen, LLP, on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and BARBERA, and PAUL H. WEINSTEIN (Retired, specially assigned), JJ.

BARBERA, Judge.

Appellant, William Harvey, appeals from an order issued by the Circuit Court for Baltimore City granting a motion for summary judgment in favor of appellee, Northern Insurance Company of New York ("NICNY"). Appellant raises the following questions, which we set forth as they appear in his brief:

I. Was the appellant's suit barred by a contractual provision which limited the time for filing suit?

II. Where an insured sues the wrong insurer and such a mistake is due to an intentional misrepresentation by the correct insurer, is the insurer barred from raising the error as a defense?

For the reasons that follow, we shall affirm the judgment.

## FACTS AND PROCEEDINGS

Appellant is the owner of a 1995 twenty-eight foot Bayliner cruiser ("the boat"). On October 29, 1999, NICNY issued a

marine insurance policy to appellant. The policy insured the hull of the boat up to $48,000.00 for one year, until October 29, 2000.

During the afternoon hours of October 24, 2000, the engine compartment of the boat sustained severe damage as a result of a fire. The next day, appellant submitted a claim to NICNY for damages.

The Marine Claims Unit of Farmers Insurance Exchange began investigating appellant's claim. Farmers Insurance Exchange contracts with Zurich Financial Services Group, of which NICNY belongs, to "perform claims evaluation, adjustment, and defense management of claims" asserted against certain insurance carriers.

Mr. Dennis Kirouac, a marine claims specialist working in the claims unit, assigned Mr. John Horan to investigate appellant's claim. Mr. Horan inspected the boat and found evidence indicating that the fire was not accidental. Based on these findings, the claims unit hired Mr. Bill Seals, a cause and origin specialist, "to provide additional information with regard to the source of the fire." Mr. Seals agreed with Mr. Horan that the fire was not the result of an accident, but had been deliberately set. Police officers working for the Department of Natural Resources verified that the damage to the boat was not accidental.

Approximately five months after the fire occurred, Mr. Kirouac notified appellant of its denial of benefits under the policy. The letter read, in pertinent part:

> The investigation conducted in this matter concludes that the fire at issue was the result of arson. The investigation also concluded that you were the only individual in contact with your boat on the date of the fire. Furthermore, the investigation indicates that the physical evidence does not support your version of the events of that day and, in fact, indicates that the fire occurred in a way in which you would have had to be an active participant in the ignition of the fire and/or would have had to be aware of the ignition. In

view of these findings, we must advise you that your insurance policy does not cover this loss.

Mr. Kirouac signed the letter in his capacity as a marine claims specialist for NICNY. The closing of the letter states: "Sincerely, The Northern Insurance Co. of New York."

Appellant's insurance policy provides that legal action may be brought against the insurer "within one year after the loss." In September 2001, eleven months after the loss, appellant filed a single count complaint in the Circuit Court for Baltimore City, naming Zurich Insurance Company ("Zurich") as the sole defendant. Appellant sued Zurich for breach of contract, seeking $50,000.00 in damages. In response, Zurich filed a motion to dismiss arguing insufficiency of process and service of process, and failure to state a claim upon which relief can be granted. Appellant did not answer the motion to dismiss.

Four months later, in January 2002, appellant amended his complaint, naming both Zurich and NICNY as defendants. The parties thereafter filed a "Stipulation of Dismissal" with the circuit court, agreeing that the complaint be dismissed as to Zurich. The court entered an order dismissing the amended complaint against Zurich.

On March 1, 2002, NICNY filed a motion to dismiss the amended complaint, arguing that appellant's complaint is barred by contract because he did not file suit against NICNY within one year of the date of the incident. NICNY appended to its motion several documents, namely an affidavit of Mr. Craig McGinnes, an employee of the Marine Claims Unit of the Farmers Insurance Exchange, the declarations page of the insurance policy, and other portions of the policy.

The motion to dismiss came on for a hearing. The court considered matters presented to it that were outside the pleadings (thereby treating appellee's motion to dismiss as a motion for summary judgment), and granted the motion.

Thirty days later, appellant noted the instant appeal. On the same day, appellant filed a motion for new trial, pursuant to Maryland Rule 2–535(c). One month later, the court denied

the motion without a hearing. Appellant did not appeal that ruling.

Additional facts will be set forth as they become pertinent to our discussion.

## DISCUSSION

### The Standard of Review

We have mentioned that the court received evidence on the motion to dismiss, thus transmuting it into a motion for summary judgment. Md. Rule 2–322(c); *Muthukumarana v. Montgomery Co.,* 370 Md. 447, 474, 805 A.2d 372 (2002). We therefore employ the appellate review standard applicable to the grant of summary judgment.

This Court reviews an order granting summary judgment *de novo. Beyer v. Morgan State Univ.,* 369 Md. 335, 359, 800 A.2d 707 (2002). We are required to determine whether a dispute of material fact exists. *Id.* at 359–60, 800 A.2d 707. " 'A material fact is a fact the resolution of which will somehow affect the outcome of the case.' " *Matthews v. Howell,* 359 Md. 152, 161, 753 A.2d 69 (2000) (quoting *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608 (1985)).

Summary judgment is only appropriate when, upon review of the facts and inferences therefrom in the light most favorable to the non-moving party, there is no genuine issue of material fact and the party in whose favor judgment is entered is entitled to judgment as a matter of law. Md. Rule 2–501(e); *Frederick Road Ltd. P'shp v. Brown & Sturm,* 360 Md. 76, 93–94, 756 A.2d 963 (2000). If the record reveals that a material fact is in dispute, summary judgment is inappropriate. *Okwa v. Harper,* 360 Md. 161, 178, 757 A.2d 118 (2000). Once we have concluded that there is no genuine issue of material fact, we review the trial court's grant of summary judgment to ascertain if it was legally correct. *Jahnigen v. Smith,* 143 Md.App. 547, 555, 795 A.2d 234, *cert. denied,* 369 Md. 660, 802 A.2d 439 (2002).

## I.

The court granted summary judgment in favor of NICNY because appellant had not filed suit against NICNY within one year after the boat fire occurred, as required by the insurance policy. The court was correct in so ruling.

The limitations provisions for filing suit are found in Paragraph 11 of the "General Conditions Applicable to All Coverages" section of appellant's insurance policy. That paragraph reads: "No legal action may be brought against 'us' unless: a) the 'insured' has complied with all provisions and requirements of this policy; and b) under Section I, the action is commenced within one year after the loss." The "Definitions" section of the policy defines "us" as "the [c]ompany providing this insurance." The declarations page of the policy states that the insurance policy underwriter is NICNY.

Resolution of this appeal hinges upon this Court's interpretation of the word "action" in subpart (b) of Paragraph 11 of the policy. Appellant contends here, as he did below, that the "action" commenced when he filed his original complaint against Zurich on September 24, 2001, eleven months after the boat fire occurred. He urges that, for purposes of complying with the limitations provision of Paragraph 11 of the policy, it matters not that Zurich was an improper party; it matters only that he commenced the action within one year after the loss.

Appellant looks primarily to Maryland Rule 1–202 in support of this contention. Subsection (a) of that rule defines "action" as "collectively all the steps by which a party seeks to enforce any right in a court or all the steps of a criminal prosecution." This definition, of course, applies to the Rules of Procedure themselves. Nothing in either law or logic dictates that we apply the definition in Rule 1–202(a) to the insurance policy at issue here, and we decline to do so.

We look, instead, to the insurance policy itself to determine what is meant by "action." An insurance agreement, like any other contract, is interpreted by its terms,

unless to do so would violate public policy. *Kendall v. Nationwide Ins. Co.*, 348 Md. 157, 166, 702 A.2d 767 (1997). The plain language of the contract is first examined according to its words and phrases and "their ordinary and accepted meanings as defined by what a reasonably prudent lay person would understand them to mean." *Id.*

Paragraph 11 of the policy, exclusive of what for present purposes is extraneous language, reads: "No legal action may be brought against 'us' unless: ... (b) under Section I, the action is commenced within one year after the loss." Thus read, the meaning of "action" in subpart (b) refers back to the "legal action ... against 'us'" in the opening clause of the paragraph. And, as we have said, the term "us" is defined in the policy as the "[c]ompany providing this insurance," which, according to the declarations page of the policy, is NICNY, and not Zurich.

To comply with Paragraph 11 of the policy, then, appellant's legal action must have been brought against NICNY, and not Zurich, within one year of the loss. It is undisputed that appellant did not add NICNY as a defendant until January 2002, more than three months beyond the one-year limitations period provided by the insurance policy.

Under the plain language of the policy, appellant's complaint is time-barred unless the policy's one-year limitations period violates public policy. It does not. Indeed, the General Assembly has expressly declared that shortened limitations periods in policies such as the policy at issue in this case do *not* violate public policy. *See Clay v. GEICO*, 356 Md. 257, 264, 739 A.2d 5 (1999) (" ' "[D]eclaration of public policy is normally the function of the legislative branch." ' "). (Citations omitted.)

Maryland Code (1995, 1997 Repl. Vol.), § 12–104(a) of the Insurance Article ("IA") sets forth the general prohibition against shortened limitations periods. Section 12–104(a) states:

A provision in an insurance contract or surety contract that sets a shorter time to bring an action under or on the

insurance contract or surety contract than required by the law of the State when the insurance contract or surety contract is issued or delivered is against State public policy, illegal, and void.

Section 12–101 of the same subtitle states, however, that Title 12 of the Insurance Article, which includes § 12–104, "does not apply to reinsurance and wet marine and transportation insurance." The term "wet marine and transportation insurance" in turn, is defined as "insurance of vessels, crafts, or hulls and interests in or related to them." Md.Code (1995, 1997 Repl. Vol.), § 1–101(qq) of the Insurance Article.[1]

" '[T]he cardinal rule of statutory construction is to ascertain and effectuate the legislative intention.' " *State v. Green,* 367 Md. 61, 81, 785 A.2d 1275 (2001) (quoting *Mayor and City Council of Baltimore v. Chase,* 360 Md. 121, 128, 756 A.2d 987 (2000)). The starting point is the language of the statute itself. *Western Corr. Inst. v. Geiger,* 371 Md. 125, 141, 807 A.2d 32 (2002); *Adamson v. Corr. Med. Servs., Inc.,* 359 Md. 238, 251, 753 A.2d 501 (2000). "[I]f the plain meaning of the statutory language is clear and unambiguous, and consistent with both the broad purposes of the legislation, and the specific purpose of the provision being interpreted, our inquiry is at an end." *Breitenbach v. N.B. Handy Co.,* 366 Md. 467, 473, 784 A.2d 569 (2001).

Plainly, the General Assembly has exempted wet marine and transportation insurance from the requirement that an insurance policy *not* contain a statute of limitations period more restrictive than otherwise available under state law. Appellant concedes that IA § 12–104 "does not itself operate to render the [insurance policy] provision in question illegal and void because ... wet marine insurance policies are exempted" pursuant to IA § 12–101. It is likewise undisputed that at issue in this case is the precise type of insurance described in IA § 1–101(qq), *i.e.,* hull insurance. In short,

---

1. This definitional section was amended in 2001 to add certain definitions and delete others, causing IA § 1–101(qq) to be redesignated, without substantive change, as IA § 1–101(ss).

there is no public policy prohibition against judicial enforcement of the one-year limitation period in Paragraph 11 of the insurance policy.

 Appellant attempts in his brief to avoid the foreclosing effect of the limitations period in the policy by asserting that the filing of suit against NICNY in January 2002 "relates back" to the original complaint against Zurich. At oral argument, however, counsel for appellant conceded that "relation back" does not apply in this case. We agree. In *Williams v. Hofmann Balancing Techniques, Ltd.*, 139 Md.App. 339, 364–65, 776 A.2d 4 (2001), *cert. denied sub nom. Perfect Equip. v. Williams*, 367 Md. 385, 788 A.2d 199 (2002), we stated that "if [the amendment of a complaint] corrects the name of an original party, it relates back; if a new party is added, it does not relate back." *Accord Grand–Pierre v. Montgomery Co.*, 97 Md.App. 170, 175–76, 627 A.2d 550 (1993). Here, of course, a new party was added.

In sum, appellant filed his amended complaint naming NICNY, the proper defendant, more than three months beyond the one-year limitations period provided by the insurance policy. Because the complaint was filed too late, the court properly granted summary judgment in favor of appellee.

## II.

 Appellant next argues that his failure to name NICNY as a defendant in the original suit was caused, at least in part, by misrepresentations of NICNY. In support of his argument, appellant advances two theories: agency by estoppel and unfair claim settlement practices, the latter of which are prohibited by Maryland Code (1997, 2002 Repl. Vol.), §§ 27–303(1) and 27–304(14) of the Insurance Article. Unfortunately for appellant, he did not present either theory to the circuit court as an answer to summary judgment; accordingly, he is precluded from raising either theory on appeal. *See* Md. Rule 8–131(a).

Had we reached the merits of appellant's arguments, we would have discerned no error. Appellant's agency by estop-

pel theory rests on alleged "misrepresentations" that led him to conclude that Zurich was a proper defendant in this case. To support the argument, appellant relies on an excerpt of a transcript of an "Examination Under Oath," to which he submitted as part of the investigation of his claim by Farmers Insurance Exchange. Appellant directs us to the place in the transcript where Mr. Paul Weber, Esq., who conducted the examination, introduced himself as "representing your insurance company, Zurich."

Appellant did not present this transcript excerpt to the court for its consideration in ruling on appellee's motion for summary judgment. Rather, he presented it for the first time as an exhibit to his motion for new trial, which was filed on the thirtieth day after the court's judgment and, insofar as the docket reflects, *after* he filed his notice of appeal. That transcript excerpt is not properly before us on this appeal.[2]

Insofar as appellant's allegation that NICNY violated its statutory duty to settle claims is concerned, appellant again relies on general allegations that NICNY "misrepresent[ed] the name of the insurer," and that appellee had breached a duty "by refusing to produce the statement of the Appellant, claiming a privilege and then referring counsel for the Appellant to an attorney who had not yet been retained." Once again, these assertions were not presented to the court at the summary judgment stage. We shall not consider them on appeal. Md. Rule 8–131(a).

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**

---

**2.** It does not appear from the docket that appellant noted an appeal from the denial of his post-judgment motion. We note that had appellant filed his motion before noting his appeal, the circuit court would not have had the authority to decide the motion. *Unnamed Attorney v. Attorney Grievance Comm'n,* 303 Md. 473, 486, 494 A.2d 940 (1985).